**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

GEARY WAYNE WATERS, JR.,
*Defendant-Appellant*.

No. 13-50332

D.C. No.
5:00-cr-00016-RT-1

OPINION

Appeal from the United States District Court
for the Central District of California
Robert J. Timlin, Senior District Judge, Presiding

Submitted October 10, 2014*
Pasadena, California

Filed November 14, 2014

Before: Andrew J. Kleinfeld, Susan P. Graber,
and John B. Owens, Circuit Judges.

Per Curiam Opinion

---

* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

## SUMMARY[**]

---

### Criminal Law

The panel affirmed the district court's order dismissing a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) based on Sentencing Guidelines Amendment 759, which made permanent and retroactive earlier modifications to the drug-quantity table for offenses involving crack cocaine.

The panel rejected as foreclosed by this court's decision in the defendant's previous appeal the defendant's argument that he is eligible for a reduction under the Amendment. Because the Amendment had no effect on his applicable guideline range due to his career offender status, the defendant is ineligible for a reduction.

The panel rejected the defendant's ex post facto challenge to a 2011 amendment to Application Note 6 of U.S.S.G. § 1B1.10, which directs district courts to use the version of the policy statement in effect on the date on which the court reduces the defendant's term of imprisonment, restricting a district court's discretion to lower a defendant's sentence below the amended Guidelines. The panel wrote that because application of the amendments would not increase the punishment for the crime over what was imposed when the defendant was sentenced, there is no ex post facto problem.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Carlton F. Gunn, Pasadena, California, for Defendant-Appellant.

André Birotte, Jr., United States Attorney; Robert E. Dugdale, Assistant United States Attorney; Todd T. Tristan, Assistant United States Attorney, Los Angeles, California, for Plaintiff-Appellee.

**OPINION**

PER CURIAM:

Geary W. Waters appeals the district court's order dismissing his motion for reduction of sentence under 18 U.S.C. § 3582(c)(2). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review de novo whether a district court has jurisdiction to modify an otherwise final sentence. *United States v. Wesson*, 583 F.3d 728, 730 (9th Cir. 2009). We affirm.

Section 3582(c)(2) allows modification of a term of imprisonment when: (1) the sentence is based on a sentencing range that has subsequently been lowered by the Sentencing Commission; and (2) such reduction is consistent with applicable policy statements issued by the Sentencing Commission. *Id.* Neither of Waters's two arguments supports jurisdiction for the district court to reduce his sentence.

I.

First, Waters argues that he is eligible for sentence reduction under Amendment 759, which made permanent and retroactive earlier modifications to the drug-quantity table in United States Sentencing Guideline (U.S.S.G.) § 2D1.1 for offenses involving cocaine base (crack cocaine). This argument is foreclosed by our decision in Waters's previous appeal. The district judge considered the drug quantity table when sentencing Waters, but also determined that Waters was a career offender pursuant to U.S.S.G. § 4B1.1, and we declined to review his career offender status. *United States v. Waters*, 648 F.3d 1114, 1118 (9th Cir. 2011). Therefore, although Waters is "correct that he was sentenced in part based on the crack cocaine guidelines in § 2D1.1 that have now been revised[,] . . . he is ineligible for a reduction of sentence because '[the Amendment had] no effect on his applicable guideline range'" due to his career offender status. *Id.* at 1119 (quoting *Wesson*, 583 F.3d at 732).

II.

Waters next argues that the 2011 amendment to Application Note 6 of U.S.S.G. § 1B1.10 violates the Ex Post Facto Clause of the United States Constitution by directing district courts to "use the version of this policy statement that is in effect on the date on which the court reduces the defendant's term of imprisonment." Because implementation of amended Application Note 6 restricts a district court's discretion to lower a defendant's sentence below the amended Guidelines, Waters asserts that this change is sufficient to trigger the protections of the Ex Post Facto Clause.

Waters correctly states the test for violation of the Ex Post Facto Clause: (1) retroactive application of a criminal law, that (2) disadvantages the defendant. *United States v. Johns*, 5 F.3d 1267, 1270 (9th Cir. 1993). To implicate ex post facto concerns, amendments to the Sentencing Guidelines must present "a sufficient risk of *increasing* the measure of punishment attached to the covered crimes." *Peugh v. United States*, 133 S.Ct. 2072, 2082 (2013) (emphasis added) (internal quotation marks omitted). The Seventh and Eleventh Circuits have applied this doctrine in the context of § 1B1.10, and we find their reasoning persuasive.

In *United States v. Colon*, 707 F.3d 1255 (11th Cir. 2013), the Eleventh Circuit held that the district court's application of the post-Amendment 759 version of § 1B1.10 did not violate the Ex Post Facto Clause even though its application made Colon ineligible for a reduction in sentence. *Id.* at 1259. In 2008, Colon received a sentence reduction based on Amendment 706. The court applied both the new amended guidelines and the downward departure that she received at her initial sentencing resulting in a well below-guidelines sentence. When Amendment 750 again reduced the penalties for crack cocaine offenses, she filed a second motion to reduce her sentence, but this time Amendment 759 prevented the court from reducing her sentence below the amended guidelines. *Id.* at 1258. In rejecting the ex post facto challenge, the court reasoned that "[s]o long as the effect of post-conduct amendments to the guidelines is not to increase a defendant's punishment beyond what it would have been without those amendments, . . . there is no ex post facto problem." *Id.* at 1259.

In *United States v. Diggs*, No. 13-2718, ___ F.3d ___, 2014 WL 4728941 (7th Cir. Sept. 24, 2014), the Seventh

Circuit also found no ex post facto problem when the district court rejected Diggs's motion for a sentence reduction. *Id.* at *1. Similar to Colon, Diggs had received a generous downward departure at his initial sentencing. He argued that the court should have applied the version of § 1B1.10 as it existed as the time of his offense allowing him to gain the benefit of both his initial downward departure and the reductions made by Amendment 750. The Seventh Circuit held regarding the ex post facto issue that it was "ultimately unimportant that the policy amendment changed the policy in effect at the time of Diggs' sentencing because it affected a law that became *more lenient*." *Id.* at *2.

The application of the 2011 version of § 1B1.10 to Waters's case may have prevented him, like Colon and Diggs, from benefitting from recent reductions in the harsh crack cocaine penalties. But, because application of the amendments would not increase the punishment for his crime over what was imposed when he was sentenced, there is no ex post facto problem.

**AFFIRMED.**