**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 1, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CALVIN DEWAYNE GREEN, JR.,

    Defendant - Appellant.

No. 15-6156
(D.C. No. 5:12-CR-00090-R-5)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **LUCERO**, and **McHUGH**, Circuit Judges.
_____

Defendant-Appellant Calvin Dewayne Green, Jr., appeals the district court's

denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). He

argues that his sentence should be reduced because of Amendment 782 to the United

States Sentencing Guidelines, which lowered the offense levels for certain drug

offenses, even though he received a sentence below the amended guideline range.

Exercising jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

In 2012 Mr. Green pleaded guilty to two offenses for acts related to his participation in a drug conspiracy that occurred from April 2008 to April 2011. He was sentenced under the 2011 edition of the Sentencing Guidelines, which yielded a guideline range of 108 to 135 months. The district court granted a downward variance and imposed an 84-month term of imprisonment.

In November 2014 Mr. Green, proceeding pro se, moved for a sentence reduction based on Amendment 782, which became effective that month. The government responded by arguing that Mr. Green was ineligible for a sentence reduction under § 3582(c)(2) because he received a sentence that was below the amended guideline range of 87 to 108 months and did not fall within the exception for defendants who provided substantial assistance to authorities. *See* U.S.S.G. § 1B1.10(b)(2). The district court denied the motion.

Through appointed counsel, Mr. Green then filed a motion to reconsider. He argued that the court should consider a proportional reduction of his sentence (which was twenty-two percent below the low end of the guideline range that applied when he was sentenced) based on the amended guideline range, which would result in a 68-month sentence. He conceded that he did not fall within the "substantial assistance" exception but argued that applying the exception to him violates the Ex Post Facto Clause. U.S. Const., art. I, § 9, cl. 3. The court denied the motion, and this appeal followed.

Mr. Green's ex post facto argument, both in the district court and on appeal, is premised on Amendments 759 and 782 to the Sentencing Guidelines, which were

2

implemented after the acts supporting his convictions. Amendment 759, which took effect in November 2011, altered § 1B1.10 by limiting who was eligible for a sentence reduction based on subsequent amendments to the Sentencing Guidelines. Before the amendment, a defendant could be eligible for a sentence reduction even if he or she received an original sentence that was below the amended guideline range:

> If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate. However, if the original term of imprisonment constituted a non-guideline sentence . . . a further reduction generally would not be appropriate.

U.S.S.G. § 1B1.10(b)(2)(B) (Nov. 2010). This exception applied only to "covered amendments" then listed in the Sentencing Guidelines. *Id.* § 1B1.10(c). Of course that list did not include Amendment 782 as it did not take effect until November 2014.

As amended by Amendment 759, § 1B1.10 allows reduced sentences for a defendant who received an original sentence that was below the amended guideline range *only if* he or she provided substantial assistance to authorities:

> If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.

U.S.S.G. § 1B1.10(b)(2)(B). This exception also applies only to "covered amendments" listed in the Sentencing Guidelines. *Id.* § 1B1.10(d). That list includes Amendment 782.

Amendment 782 took effect in November 2014, reducing by two the base offense level for certain drug offenses, including Mr. Green's. Mr. Green argues that applying Amendment 759 to find he is ineligible for a sentence reduction under Amendment 782 violates the Ex Post Facto Clause. We disagree.

We review de novo the scope of a district court's authority under § 3582(c)(2) to resentence a defendant. *United States v. Gay*, 771 F.3d 681, 685 (10th Cir. 2014); *see also United States v. Sharkey*, 543 F.3d 1236, 1238 (10th Cir. 2008) ("We review de novo the district court's interpretation of a statute or the sentencing guidelines." (internal quotation marks omitted)). We also review de novo whether application of a sentencing guideline violates the Ex Post Facto Clause. *United States v. Weiss*, 630 F.3d 1263, 1275 (10th Cir. 2010).

An ex post facto violation occurs when "a given change in law presents a sufficient risk of increasing the measure of punishment attached to the covered crimes." *Peugh v. United States*, 133 S. Ct. 2072, 2082 (2013); *see also Weiss*, 630 F.3d at 1276 ("At sentencing, an ex post facto violation occurs when the district court applies a guideline to an event occurring before its enactment, and the application of that guideline disadvantages the defendant by . . . increasing the punishment for the crime." (internal quotation marks omitted)). We conclude Amendments 759 and 782, as applied to Mr. Green's sentence, do not violate the

4

Ex Post Facto Clause because they do not – either individually or in combination – retroactively increase the punishment for his offenses.

Moreover, applying the pre-Amendment 759 version of § 1B1.10 would not help Mr. Green because it never encompassed Amendment 782 for the obvious reason that Amendment 782 did not yet exist. When § 1B1.10 was amended in 2011, all later reductions in the Sentencing Guidelines were subject to that version, not to any previous one. *See Weiss*, 630 F.3d at 1275 ("Under the one-book rule, the Guidelines Manual in effect on a particular date shall be applied in its entirety." (internal brackets and quotation marks omitted)); *see also* U.S.S.G. § 1B1.11(b)(2) ("The court shall not apply . . . one guideline section from one edition of the Guidelines Manual and another guideline section from a different edition of the Guidelines Manual.").

In *United States v. Kurtz*, --- F.3d ---, 2016 WL 1212066 (10th Cir. Mar. 29, 2016), published after briefing was completed in this case, this court rejected the legal theories advanced by Mr. Green regarding these amendments. Other circuits have also concluded that applying Amendment 759 as the district court did is not an ex post facto violation. *See, e.g.*, *United States v. Waters*, 771 F.3d 679, 681 (9th Cir. 2014); *United States v. Diggs*, 768 F.3d 643, 645-46 (7th Cir. 2014); *United States v. Colon*, 707 F.3d 1255, 1258-59 (11th Cir. 2013).

The district court did not err in its interpretation of the Guidelines, including Amendments 759 and 782. Nor did the district court err in denying Mr. Green's motion to reduce his sentence. And because Mr. Green is not eligible for a sentence

5

reduction, we need not address his argument that the district court abused its

discretion by deciding, in the alternative, that a reduction was not warranted based on

the factors set forth in 18 U.S.C. § 3553.

The district court's order is affirmed.

Entered for the Court


Mary Beck Briscoe
Circuit Judge