**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 1, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JASON DEANGELO BRIGGS,

    Defendant - Appellant.

No. 15-6167
(D.C. No. 5:09-CR-00089-R-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **LUCERO**, and **McHUGH**, Circuit Judges.
_____

Defendant-Appellant Jason Deangelo Briggs appeals the district court's denial

of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). He argues that

his sentence should be reduced because of Amendment 782 to the United States

Sentencing Guidelines, which lowered the offense levels for certain drug offenses,

even though he received a sentence below the amended guideline range. Exercising

jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

In 2009 Mr. Briggs pleaded guilty to a drug offense and a related firearm offense pursuant to a plea agreement.  He was sentenced under the 2008 version of the Sentencing Guidelines, which yielded for the drug offense a guideline range of 135 to 168 months.  The district court granted a downward variance and imposed an 84-month term on that offense and a consecutive 60-month term on the firearm offense for a total sentence of 144 months.

In June 2015 Mr. Briggs, proceeding pro se, moved for a sentence reduction based on Amendment 782, which became effective in November 2014.  He argued that because his original sentence was 51 months below the low end of the guideline range applicable when he was sentenced, the district court had discretion to reduce his sentence to 51 months below the amended guideline range.  The government responded by arguing that Mr. Briggs was ineligible for a sentence reduction under § 3582(c)(2) because he received a sentence that was below the amended guideline range and did not fall within the exception for defendants who provided substantial assistance to authorities.  *See* U.S.S.G. § 1B1.10(b)(2).  The district court denied the motion without providing a reason, and this appeal followed.

On appeal Mr. Briggs argues that retrospective application of the current version of U.S.S.G. § 1B1.10(b)(2) to his case violates the Ex Post Facto Clause. U.S. Const., art. I, § 9, cl. 3.  We disagree.

We review de novo the scope of a district court's authority under § 3582(c)(2) to resentence a defendant.  *United States v. Gay*, 771 F.3d 681, 685 (10th Cir. 2014); *see also United States v. Sharkey*, 543 F.3d 1236, 1238 (10th Cir. 2008) ("We review

2

de novo the district court's interpretation of a statute or the sentencing guidelines." (internal quotation marks omitted)). We also review de novo whether application of a sentencing guideline violates the Ex Post Facto Clause. *United States v. Weiss*, 630 F.3d 1263, 1275 (10th Cir. 2010). Where, as here, a defendant does not raise an ex post facto argument before the district court, we review for plain error. *See United States v. Sullivan*, 255 F.3d 1256, 1258 (10th Cir. 2001). "To constitute plain error, the error must have been both obvious and substantial." *Id.* (internal quotation marks omitted).

Mr. Briggs's argument is premised on Amendments 759 and 782 to the Sentencing Guidelines, which were implemented after he was sentenced in 2009. Amendment 759, which took effect in November 2011, altered § 1B1.10 by limiting who was eligible for a sentence reduction based on subsequent amendments to the Sentencing Guidelines. Before the amendment, a defendant could be eligible for a sentence reduction even if he or she received an original sentence that was below the amended guideline range:

> If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate. However, if the original term of imprisonment constituted a non-guideline sentence . . . a further reduction generally would not be appropriate.

U.S.S.G. § 1B1.10(b)(2)(B) (Nov. 2008). This exception applied only to "covered amendments" then listed in the Sentencing Guidelines. *Id.* § 1B1.10(c). Of course

3

that list did not include Amendment 782 as it did not take effect until three years later.

As amended by Amendment 759, § 1B1.10 allows reduced sentences for a defendant who received an original sentence that was below the amended guideline range *only if* he or she provided substantial assistance to authorities:

> If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.

U.S.S.G. § 1B1.10(b)(2)(B) (Nov. 2014). This exception also applies only to "covered amendments" listed in the Sentencing Guidelines. *Id.* § 1B1.10(d). That list includes Amendment 782.

Amendment 782 took effect in November 2014, reducing by two the base offense level for certain drug offenses, including Mr. Briggs's.

An ex post facto violation occurs when "a given change in law presents a sufficient risk of increasing the measure of punishment attached to the covered crimes." *Peugh v. United States*, 133 S. Ct. 2072, 2082 (2013) (internal quotation marks omitted); *see also Weiss*, 630 F.3d at 1276 ("At sentencing, an ex post facto violation occurs when the district court applies a guideline to an event occurring before its enactment, and the application of that guideline disadvantages the defendant by . . . increasing the punishment for the crime." (internal quotation marks omitted)). We conclude Amendments 759 and 782, as applied to Mr. Briggs's

4

sentence, do not violate the Ex Post Facto Clause because they do not – either individually or in combination – retroactively increase the punishment for his offenses.

Moreover, applying the pre-Amendment 759 version of § 1B1.10 would not help Mr. Briggs because it never encompassed Amendment 782 for the obvious reason that it did not yet exist. When § 1B1.10 was amended in 2011, all later reductions in the Sentencing Guidelines were subject to that version, not to any previous version. *See Weiss*, 630 F.3d at 1275 ("Under the one-book rule, the Guidelines Manual in effect on a particular date shall be applied in its entirety." (internal brackets and quotation marks omitted)); *see also* U.S.S.G. § 1B1.11(b)(2) ("The court shall not apply . . . one guideline section from one edition of the Guidelines Manual and another guideline section from a different edition of the Guidelines Manual.").

In *United States v. Kurtz*, --- F.3d ---, 2016 WL 1212066 (10th Cir. Mar. 29, 2016), published after briefing was completed in this case, this court rejected the legal theories advanced by Mr. Green regarding these amendments. Other circuits have also concluded that applying Amendment 759 as the district court did is not an ex post facto violation. *See, e.g.*, *United States v. Waters*, 771 F.3d 679, 681 (9th Cir. 2014); *United States v. Diggs*, 768 F.3d 643, 645-46 (7th Cir. 2014); *United States v. Colon*, 707 F.3d 1255, 1258-59 (11th Cir. 2013).

We discern no error, much less plain error.

5

The district court's order is affirmed.

Entered for the Court

Mary Beck Briscoe
Circuit Judge