NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2997
_____

UNITED STATES OF AMERICA

v.

MICHAEL R. SCALIA,
                          Appellant
_____

On Appeal from United States District Court
for the District of Delaware
(D. Del. No. 1-09-cr-00101-001)
District Judge: Honorable Leonard P. Stark
_____

Argued April 5, 2016
Before:  FISHER, RENDELL and BARRY, *Circuit Judges*.

(Filed: June 24, 2016)

Edson A. Bostic, Federal Public Defender for the District of Delaware
Daniel I. Siegel, Esq.        **[ARGUED]**
Office of Federal Public Defender
800 King Street, Suite 200
Wilmington, DE 19801

Charles M. Oberly, III, United States Attorney
Shawn A. Weede, Esq.      **[ARGUED]**
Office of United States Attorney
1007 North Orange Street, Suite 700
P.O. Box 2046
Wilmington, DE 19899

_____

OPINION*
_____

FISHER, *Circuit Judge*.

Michael R. Scalia filed a motion to reduce his sentence pursuant to Amendment 782 of the United States Sentencing Guidelines. His motion was denied. He asserts this denial was a violation of the Ex Post Facto Clause. We will affirm.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts that are necessary to our analysis.

Scalia was sentenced to 108 months' imprisonment in 2011 for a drug conspiracy that took place in the District of Delaware in 2009. His sentence was a downward variance from a Guidelines range set by the 2009 Guidelines. After he was sentenced, in 2011, the United States Sentencing Commission promulgated Amendment 759 to the Guidelines. That amendment, in pertinent part, amended § 1B1.10, as well as the policy statement that had been in effect at the time of Scalia's offense.[1] It changed the previous

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] *See* U.S.S.G. app. C, amend. 759 (2011). The original policy statement will be referred to as the "2009 policy statement" as it was in effect at the time of Scalia's offense. *See Peugh v. United States*, 133 S. Ct. 2072, 2087 (2013) (defendant must be sentenced under the Guidelines in effect at the time he committed his offense). The new policy statement will be referred to as the "2011 policy statement."

policy statement ("2009 policy statement") that allowed the district court discretion to reduce a sentence below an amended Guidelines range.[2] That discretion was removed and the new policy statement ("2011 policy statement") prohibits a reduction in sentence below the amended Guidelines range.[3]

After the 2011 policy statement was implemented, the Sentencing Commission amended the Guidelines' drug quantity table through Amendment 782, resulting in a two-level reduction. This amendment was made retroactive subject to certain exceptions. Based on this amendment, Scalia filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). His motion was denied under the 2011 policy statement, effective at the time of his motion, because Scalia's amended guideline range was 108 to 135 months' imprisonment allowing him to receive a sentence of no less than 108 months' imprisonment—his current sentence due to the 2011 policy statement. Scalia timely appealed, arguing that the 2009 policy statement should have applied and that not applying it was an Ex Post Facto violation.

Because we find that there was not an Ex Post Facto violation, we will affirm the District Court's denial of Scalia's motion for reduction of sentence.

---

[2] The 2009 policy statement (§ 1B1.10(b)(2)(A), comment note 3) stated that: "[i]f the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subsection (b)(1) may be appropriate."

[3] Section 1B1.10(b)(2)(A) states: "[T]he court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range."

## II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We exercise appellate jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over questions of law.[4]

## III.

Scalia's main contention is that the application of the 2011 policy statement is similar to a commutation statute amendment that eliminates the possibility of reducing a defendant's time spent in jail. Scalia makes this claim in an attempt to avoid the current trend of case law that is unfavorable to his position and our finding in *United States v. Berberena*, 694 F.3d 514 (3d Cir. 2012), where we held that policy statements, specifically § 1B1.10's policy statements, are binding pursuant to § 3582(c)(2), 694 F.3d at 523. To avoid this trend and *Berberena*, Scalia focuses on his commutation argument as well as *Weaver v. Graham*, 450 U.S. 24 (1981), wherein the Supreme Court found that a change in the computation of good time was an Ex Post Facto violation because it constricted a defendant's opportunity for early release.

Based on the analysis that follows, we find Scalia's arguments unavailing.

## A.

Scalia is correct in asserting that other courts have not considered his novel commutation argument. He cites similarities between commutation and the 2009 policy

---

[4] *United States v. Siddons*, 660 F.3d 699, 703–04 (3d Cir. 2011) (plenary review applies to a district court's legal interpretation and application of the Guidelines).

statement that he argues warrants application of the Ex Post Facto Clause. Each allows for discretion on behalf of the decision maker; each requires that the underlying criminal judgment remain unchanged; and each has the potential to decrease a defendant's time in jail. Scalia asserts that these similarities require us to review the § 1B1.10 change under the same analysis we applied in *Pennsylvania Prison Society v. Cortes*, 622 F.3d 215 (3d Cir. 2010). His argument, however, fails.

The Ex Post Facto Clause of the Constitution, U.S. Const. art. I §§ 9 and 10, requires that "legislative Acts give fair warning of their effect and permit individuals to rely on their meaning until explicitly changed."[5] To fall within the Ex Post Facto prohibition, "two critical elements must be present . . . it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it."[6] The second element is not met here.

The Ex Post Facto analysis set forth in *Cortes* arose from the review of a constitutional amendment regarding the voting procedures employed by the Pennsylvania Board of Pardons.[7] Under the amendment, a pardon or commutation committee reviewing a prisoner sentenced to life imprisonment was required to unanimously vote for a favorable outcome, supplanting the old rule that required only a majority vote. The defendant in that case, a prisoner serving a life sentence, argued that the new requirement violated the Ex Post Facto Clause because the change was implemented after he had

---

[5] *Weaver*, 450 U.S. at 28–29.
[6] *Id.* at 29.
[7] *Cortes*, 622 F.3d at 219–20.

committed his offense and would increase his sentence because he was less likely to be pardoned or have his sentence commuted.

We found that the amendment and other laws "that alter procedures for obtaining commutation, but do not eliminate the possibility of commutation, are procedural and thus not *ex post facto* laws."[8] This was fleshed out in a two-part litmus test. A court may find that a change is procedural if: (1) it does not increase the punishment, or (2) it does not change the elements of the offense for which the defendant was convicted. Under this test, we found that because of the discretionary nature of commutation, the new commutation law did not violate the Ex Post Facto Clause because there was no significant risk that the defendant would be denied something he would have received.[9] There was no guarantee that the defendant would have his sentence commuted under the prior law, and thus the change did not increase the defendant's punishment.

Despite Scalia's best efforts, *Cortes* does not help him. To the contrary, *Cortes* supports affirmance. Here, the possibility of a reduction in sentence is not entirely foreclosed, and Scalia is still eligible for a reduction in his sentence. The procedures, however, limit the depth of such a reduction. Even under the *Cortes* test, the § 1B1.10 policy statement change is procedural. Like commutation, a reduction of a sentence is not guaranteed. Even if Scalia were eligible for a further reduction below his current sentence, the District Court could deny such a motion. With this discretion is the fact that

---

[8] *Id.* at 234.
[9] *Id.* at 246.

Scalia's punishment will not increase because of the change, as a § 3582(c)(2) determination does not change the underlying sentence or conviction.[10] Accordingly, Scalia's novel argument does not afford relief through the Ex Post Facto Clause.

B.

Scalia also directs us to apply the Supreme Court's analysis in *Weaver* to the 2011 policy statement change. We find that case distinguishable.

After oral argument but prior to our decision in this case, we issued a precedential opinion, *United States v. Thompson*, -- F.3d --, 2016 WL 3163078 at *5–6 (3d Cir. June 7, 2016), addressing Amendment 759, Amendment 782, and the applicability of *Weaver*. In *Weaver*, the Supreme Court found an Ex Post Facto violation had occurred when the Florida legislature limited the way that a defendant could reduce his sentence through good behavior while incarcerated, i.e. "good time" credit.[11] We found *Weaver* distinguishable because "rendering [an] Appellant[ ] ineligible for the sentence reduction associated with Amendment 782 does not *lengthen* the period of time [he] will spend incarcerated—it merely denies [him] the benefit of a discretionary *reduction* of that period of time."[12] Under *Thompson*, we find Scalia's *Weaver* argument to be meritless.[13]

---

[10] *Berberena*, 694 F.3d at 522 ("[S]entence reduction proceedings pursuant to § 3582(c)(2) are not wholesale resentencings.").

[11] *Weaver*, 450 U.S. at 24.

[12] *Thompson*, 2016 WL 3163078 at *6.

[13] This comports with every other Court of Appeals that has considered the § 1b1.10 argument Scalia has raised here. *United States v. Diggs*, 768 F.3d 643, 645–46 (7th Cir. 2014); *United States v. Waters*, 771 F.3d 679, 680-81 (9th Cir. 2014) (per curiam); *United States v. Colon*, 707 F.3d 1255, 1258–59 (11th Cir. 2013).

## IV.

For the reasons set forth above, we will affirm the order of the District Court.