NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 3 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CHRISTOPHER RYAN DURBIN,

Defendant-Appellant.

No. 15-30266

D.C. No. 9:11-cr-00062-DWM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted September 27, 2016[**]

Before:     TASHIMA, SILVERMAN, and M. SMITH, Circuit Judges.

Christopher Ryan Durbin appeals from the district court's order denying his

motion for a sentence reduction under 18 U.S.C. § 3582(c)(2).  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo whether a district court

had authority to modify a sentence under section 3582(c)(2), *see United States v.*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Leniear*, 574 F.3d 668, 672 (9th Cir. 2009), and we affirm.

Durbin contends that he is entitled to a sentence reduction under Amendment 782 to the Sentencing Guidelines. The district court correctly concluded that Durbin is ineligible for a sentence reduction because his sentence is already below the minimum of the amended Guidelines range. *See* U.S.S.G. § 1B1.10(b)(2)(A) ("[T]he court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range."). Contrary to Durbin's contentions, the application of section 1B1.10(b)(2)(A) to his case does not violate the Ex Post Facto Clause, *see United States v. Waters*, 771 F.3d 679, 680-81 (9th Cir. 2014), and section 3582(c)(2) proceedings "do not implicate the interests identified in *Booker*." *Dillon v. United States*, 560 U.S. 817, 828 (2010).

**AFFIRMED.**

15-30266