**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

OSCAR HUERTA-MACIAS,

Defendant-Appellant.

No. 16-50273

D.C. No. 3:92-cr-01151-H

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Submitted May 24, 2017[**]

Before:      THOMAS, Chief Judge, and SILVERMAN and RAWLINSON,
Circuit Judges.

Oscar Huerta-Macias appeals pro se from the district court's order denying

his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

Huerta-Macias contends that the district court erred by denying his motion for a sentence reduction under Amendment 782 to the Guidelines. Because Amendment 782 did not lower Huerta-Macias's Guidelines range, the district court correctly concluded that he was ineligible for a sentence reduction. *See* 18 U.S.C. § 3582(c)(2); *Leniear*, 574 F.3d at 673-74. Moreover, contrary to Huerta-Macias's argument, the court could not reduce his sentence under 18 U.S.C. § 3553(a)(6). *See Dillon v. United States*, 560 U.S. 817, 826 (2010) (court may consider the section 3553(a) factors only if it first determines that a reduction is authorized).

In light of Huerta-Macias's statutory ineligibility for a reduction, his argument that U.S.S.G. § 1B1.10 violates the Ex Post Facto Clause and separation of powers principles is misplaced. In any event, we have previously rejected these contentions. *See United States v. Waters*, 771 F.3d 679, 681 (9th Cir. 2014); *United States v. Davis*, 739 F.3d 1222, 1225-26 (9th Cir. 2014).

To the extent that Huerta-Macias asks this court to apply the rule of lenity because the drug quantity calculated by the court at his original sentencing was ambiguous, we decline to do so. The record does not reflect any ambiguity in the drug quantity found by the court and, even if it did, claims of sentencing error are not cognizable in a section 3582(c)(2) proceeding. *See Dillon*, 560 U.S. at 831.

**AFFIRMED.**

16-50273