FILED
United States Court of Appeals
Tenth Circuit

December 16, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CHARLES ALBERT STANFIEL, III,

    Defendant - Appellant.

No. 15-6061
(D.C. No. 5:97-CR-00102-F-1)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BACHARACH**, and **MORITZ**, Circuit Judges.

Defendant-Appellant Charles Albert Stanfiel, III appeals from the denial of

his motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). Mr.

Stanfiel sought relief following Amendment 782's enactment in November 2014.

Amendment 782 generally reduces the drug quantity tables in U.S.S.G. § 2D1.1

by two levels. The district court denied the motion, holding that the amendment

did not lower Mr. Stanfiel's guideline range. United States v. Stanfiel, No. CR-

97-102-F (W.D. Okla. Mar. 26, 2015). Our jurisdiction arises under 28 U.S.C.

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

§ 1291, and we affirm.

Background

In 1997, Mr. Stanfiel pled guilty to knowingly and intentionally manufacturing methamphetamine in violation of 21 U.S.C. § 841(a)(1). I R. 25. At Mr. Stanfiel's sentencing, the parties stipulated that 135.9 grams of actual methamphetamine were found in the labs used by the defendant. I Supp. R. 68. In addition to the 135.9 grams, the sentencing court took a "conservative approach" and made findings that Mr. Stanfiel had manufactured 55 ounces of 89 percent pure methamphetamine during the relevant period. Id. at 88–89. This, the sentencing judge stated, amounted to "48 ounces and a fraction, a fairly-large fraction, in fact" of methamphetamine. Id. at 89.

Given the quantity of methamphetamine attributed to Mr. Stanfiel, the sentencing court assigned him a base offense level of 36. Id. From there, the court added a six-level upward adjustment for possession of a firearm, use of a minor, and obstruction of justice. Id. at 87–89. This placed Mr. Stanfiel at offense level 42. Id. at 90. Following the guideline range, the court sentenced Mr. Stanfiel to 360-months incarceration followed by five years of supervised release. I R. 62. Mr. Stanfiel appealed the sentencing court's various findings. The Tenth Circuit affirmed. United States v. Stanfiel, No. 97-6422, 1998 WL 886773, at *4 (10th Cir. Dec. 21, 1998).

On November 7, 2014, Mr. Stanfiel filed his motion for sentence reduction and the district court subsequently appointed the Federal Public Defender's office to represent him. Relying upon the factual findings of the district court at sentencing, the government argued that Mr. Stanfiel was not eligible for a sentence reduction given the quantity of drugs attributed to him. Mr. Stanfiel contended he was eligible for a sentence reduction based upon the district court's written finding that he manufactured "approximately" 48 ounces of actual methamphetamine. 1 R. 60. The district court denied the defendant's motion, holding that Amendment 782 did not change his base offense level and therefore, did not reduce the length of his sentence. United States v. Stanfiel, No. CR-97-102-F (W.D. Okla. Mar. 26, 2015). This appeal followed.

Discussion

Our review of the district court's interpretation of a statute or the Sentencing Guidelines is de novo. United States v. Acosta-Olivas, 71 F.3d 375, 377 (10th Cir. 1995). Our review of a decision to deny a sentence reduction pursuant to § 3582(c)(2) is for an abuse of discretion. United States v. Sharkey, 543 F.3d 1236, 1238 (10th Cir. 2008). Relying upon an incorrect legal conclusion or a clearly erroneous finding of material fact constitutes an abuse of discretion. United States v. Battle, 706 F.3d 1313, 1317 (10th Cir. 2013).

Under § 3582(c)(2), federal courts have the authority to modify a

defendant's sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Ergo, a reduction in a defendant's term of imprisonment is not authorized under § 3582(c)(2) when an amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

A.    Amendment 782 Did Not Reduce Mr. Stanfiel's Base Offense Level

Mr. Stanfiel's argument that he is entitled to a reduction in his sentence requires resolution of the question; what is the correct quantity of methamphetamine attributable to him – 48 or 48.95 ounces? At sentencing, the district court determined Mr. Stanfiel had 135.9 grams of actual methamphetamine and 55 ounces of 89 percent pure methamphetamine. When converted, this results in 1.523 kilograms of actual methamphetamine.[1]  Rather

---

[1]

Amount of methamphetamine from testimony
　　55
x .89
48.95 ounces of actual methamphetamine

Conversion of ounces to kilograms
　　1 ounce = 28.35 grams
　　48.95
x 28.35
1387.73 grams

　　1387.73 (calculated from testimony)
+ 135.9 (stipulated)
1523.63 grams of methamphetamine

- 4 -

than engaging in an independent calculation to determine that 89 percent of 55 equals 48.95 ounces of methamphetamine, Mr. Stanfiel urges us to begin with the sentencing court's conclusion that the quantity amounts to "approximately 48 ounces of actual methamphetamine." I R. 60. Were we to embark along this path, Mr. Stanfiel would only be responsible for 1.497 kilograms of actual methamphetamine.[2]

Under the 1995 version of the drug quantity table, a base offense level of 36 was assigned to individuals with at least 1 kilogram but less than 3 kilograms of methamphetamine (actual). U.S.S.G. § 2D1.1(c)(2) (1995). Amendment 782 modified this, assigning a base offense level of 34 to individuals with at least 500 grams but less than 1.5 kilograms of methamphetamine (actual). U.S.S.G. § 2D1.1(c)(3) (2014). The updated table also assigns a base offense level of 36 to at least 1.5 kilograms but less than 4.5 kilograms of methamphetamine (actual). Id. § 2D1.1(c)(2). Therefore, using Mr. Stanfiel's suggested calculation,

---

1,000 grams = 1 kilogram
1523.63 / 1000 = 1.523 kilograms of methamphetamine

[2]

$$\begin{array}{r} 48 \\ \times\ 28.35 \\ \hline 1360.80 \text{ grams} \end{array}$$

$$\begin{array}{r} 1360.8 \text{ (using calculation suggested by the defendant)} \\ +\ 135.9 \text{ (stipulated amount)} \\ \hline 1496.70 \text{ grams} \end{array}$$

1496.70 / 1000 = 1.497 kilograms of actual methamphetamine

Amendment 782 would reduce his base offense level to 34.  Mr. Stanfiel's suggested calculation, however, cannot be reconciled with the sentencing court's findings.

In both oral and written findings, the district court provided the numbers supporting its calculation: "about 55 ounces of approximate 89 percent pure methamphetamine."  I R. 59.  The district court estimated that the completed calculation came out to "approximately 48" or "48 and a fraction, a fairly large fraction."  I R. 60, I Supp. R. 89.  Under the Sentencing Guidelines then in effect, the precise fraction would not have changed the outcome and therefore, was not emphasized.  The district court's failure to specify the precise fraction does not preclude us from using the numbers provided in the findings to determine that the quantity equates to 48.95.  See Battle, 706 F.3d at 1319 ("[A] district court may look to its previous findings, . . . to make supplemental calculations of drug quantity at resentencing if such calculations are necessary to 'determine the amended guideline range that would have been applicable' in light of a retroactive Guideline amendment."  (quoting U.S.S.G. § 1B1.10(b)(1))).  When using 48.95 ounces to determine the amount of methamphetamine attributable to Mr. Stanfiel, his base offense level remains 36 and therefore he is not entitled to relief under § 3582(c)(2).

B.     The Ex Post Facto Clause Does Not Apply Here

A law violates the ex post facto clause when it "makes more burdensome the punishment for a crime, after its commission." Collins v. Youngblood, 497 U.S. 37, 38 (1990).  Mr. Stanfiel argues the one possible ground for the district court's denial of his motion was its reliance on the presentence investigation report (PSR).  In the PSR, Mr. Stanfiel's base offense level was calculated by converting methamphetamine into the marijuana equivalent.  II R. 18–19. Assuming, arguendo, that this was the basis for the district court's ruling, Mr. Stanfiel asserts it violates the ex post facto clause because the drug equivalency tables have increased since the time of his initial sentencing.  This argument misunderstands the role of the ex post facto clause in a § 3582(c)(2) proceeding.

When a retrospective increase in an applicable guideline range "creates a sufficient risk of a higher sentence," an ex post facto violation arises. Peugh v. United States, 133 S. Ct. 2072, 2084 (2013).  That is not the situation presented in this case.  First, even if the court were to use the drug equivalency tables, Mr. Stanfiel's sentence would remain unchanged.  Therefore, the principle enunciated in Peugh is inapplicable.  There is no risk Mr. Stanfiel will face a higher sentence.  Second, cases that arise under § 3582(c)(2) by their nature have no "bearing on the ex post facto clause, because [they] cannot increase a punishment." United States v. Diggs, 768 F.3d 643, 645 (7th Cir. 2014).  A change in a drug equivalency table that renders a defendant ineligible for a

reduction in his sentence is not the same as an increase in punishment and therefore, not an ex post facto clause violation. <u>See e.g.,</u> <u>United States v. Waters</u>, 771 F.3d 679, 681 (9th Cir. 2014) (holding that although the application of an updated version of the sentencing guidelines may have prevented the defendant "from benefitting from recent reductions in" drug penalties, "because application of the amendments would not increase the punishment for his crime over what was imposed when he was sentenced, there is no ex post facto problem").

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge