**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 29, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

<u>**PUBLISH**</u>

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
————————————————

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

WILLIAM KURTZ,

    Defendant - Appellant.

No. 15-2140

————————————————

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
**(D.C. No. 5:11-CR-02481-JB-1)**
————————————————

Submitted on the briefs:[*]

William Kurtz, pro se.

Andre C. Poissant, Assistant Federal Public Defender, Office of the Federal Public Defender for the District of New Mexico, Las Cruces, New Mexico, filed an *Anders* brief in this appeal.

————————————————

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
————————————————

**MATHESON**, Circuit Judge.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

_____

Federal prisoner William Kurtz appeals the district court's denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). His appointed counsel has submitted an *Anders* brief stating this appeal presents no non-frivolous grounds for reversal. After carefully examining the record, we agree. Exercising jurisdiction under 28 U.S.C. § 1291, we grant counsel's motion to withdraw and dismiss this appeal.

## I. BACKGROUND

### A. *Conviction and Sentence*

Mr. Kurtz was indicted in September 2011 on six counts of conspiracy, distribution of methamphetamine, and possession with intent to distribute methamphetamine. In November 2011, he pled guilty to one count of conspiring to possess with intent to distribute more than five grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Mr. Kurtz and the Government stipulated in their plea agreement that he 1) was responsible for approximately 48.4 grams of pure methamphetamine, 2) had accepted responsibility for his conduct, and 3) was a minor participant in the criminal conduct giving rise to his plea.

In its January 2012 presentence investigation report ("PSR"), the Probation Department concluded the plea agreement understated the quantity of drugs for which Mr. Kurtz was responsible and said the amount should have been the equivalent of 6,068 kilograms of marijuana. It also determined Mr. Kurtz should not receive a sentence reduction for performing a minor role. Nevertheless, Probation accepted the plea agreement's stipulations; the PSR therefore set Mr. Kurtz's base offense level at 30 and

recommended a two-level reduction for minor role. After a three-level reduction for acceptance of responsibility and a two-level enhancement for maintaining a premises for the purpose of distributing a controlled substance, Mr. Kurtz's total offense level came to 27. A level II criminal history category yielded an advisory Guidelines range of 78-97 months.

At a March 26, 2012 sentencing hearing, the district court agreed with Probation that Mr. Kurtz 1) was responsible for the equivalent of 6,068 kilograms of marijuana and 2) had played more than a minor role in the underlying criminal conduct. The court therefore set his base offense level at 34 and declined to grant the two-level minor-role reduction. It followed the PSR's recommendations to adjust the offense levels for acceptance of responsibility (minus 3) and maintaining a premises for drug distribution (plus 2). A total offense level of 33 (34 − 3 + 2) and a criminal history category of II combined to establish a range of 151-188 months under the 2011 Guidelines Sentencing Manual, which was then in effect. Based on Mr. Kurtz's personal history, the district court determined this range was too high and varied downward to a 78-month sentence.

Mr. Kurtz did not appeal that sentence.

### B. *Motion to Reduce Sentence*

On February 17, 2015, Mr. Kurtz filed a pro se motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). He argued Amendment 782 to the Guidelines, which went into effect on November 1, 2014, entitled him to a two-level reduction in his base offense level. Starting from the total offense level of 27 in the PSR, Mr. Kurtz contended his

amended total offense level should be 25, which corresponds to a Guidelines range of 63-78 months.  He therefore asked the district court to reduce his sentence to 63 months.

The Government filed a response, arguing Mr. Kurtz was not statutorily eligible for a § 3582(c)(2) reduction.  On August 19, 2015, the district court denied Mr. Kurtz's motion.  He filed a timely notice of appeal on September 1, 2015.  *See* Fed. R. App. 4(b)(1)(A)(i).

### C.  **Anders *Brief***

We appointed the Federal Public Defender's Office for the District of New Mexico to represent Mr. Kurtz on appeal.  On November 25, 2015, Mr. Kurtz's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), which

> authorizes counsel to request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous. Under *Anders*, counsel must submit a brief to the client and the appellate court indicating any potential appealable issues based on the record. The client may then choose to submit arguments to the court. The Court must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal.

*United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (citations omitted).

Counsel indicated he could detect no "non-frivolous arguments that the district court erred in denying Mr. Kurtz's Motion."  Aplt. Br. at 1.  He therefore sought permission to withdraw.  Counsel mailed a copy of his *Anders* brief to Mr. Kurtz, who filed a two-page response on January 19, 2016.

## II. DISCUSSION

### A. *Standard of Review*

"The scope of a district court's authority in a sentencing modification proceeding under § 3582(c)(2) is a question of law that we review de novo. We review a denial of a § 3582(c)(2) motion for abuse of discretion." *United States v. Lucero*, 713 F.3d 1024, 1026 (10th Cir. 2013) (quotation, citation, and brackets omitted).

When counsel submits an *Anders* brief, our review of the record is de novo. *See United States v. Leon*, 476 F.3d 829, 832 (10th Cir. 2007) (per curiam) ("Under *Anders*, we have conducted an independent review and examination.").

### B. *Legal Background*

#### 1. **18 U.S.C. § 3582 and Amendment 759**

"Generally, federal courts are prohibited from 'modify[ing] a term of imprisonment once it has been imposed.'" *Lucero*, 713 F.3d at 1026 (quoting 18 U.S.C. § 3582(c)). But "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," district courts "may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable." § 3582(c)(2). Any reduction the court orders must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

The policy statement that governs § 3582(c)(2) motions is § 1B1.10. Under that provision, a court considering a sentence-reduction motion "determine[s] the amended guideline range that would have been applicable to the defendant if the amendment(s) to

the guidelines . . . had been in effect at the time the defendant was sentenced." U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10(b)(1) (U.S. Sentencing Comm'n 2014). Only amendments that "have the effect of lowering the defendant's applicable guideline range" may be used to obtain § 3582(c)(2) relief. *Id.* § 1B1.10(a)(2)(B). And "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range." *Id.* § 1B1.10(b)(2)(A).

Before November 1, 2011, this latter rule was subject to a significant exception. If a defendant's original sentence had fallen below the then-applicable Guidelines range, the district court could reduce his sentence under § 3582(c)(2) below the amended Guidelines range by a "comparabl[e]" number of months. U.S.S.G. § 1B1.10(b)(2)(B) (2010). But Amendment 759 to the Guidelines, which became effective November 1, 2011, narrowed this exception. U.S.S.G. app. C, Vol. III, amend. 759 (2011). As of August 2015, when the district court denied Mr. Kurtz's § 3582(c)(2) motion, courts could impose a sentence below the amended Guidelines range only if a defendant's original sentence fell below the then-applicable Guidelines range because of a Government-filed substantial assistance motion under U.S.S.G. § 5K1.1. U.S.S.G. § 1B1.10(b)(2)(B) (2014); *see also id.* § 1B1.10 n.8 (instructing courts to "use the version of this policy statement that is in effect on the date on which the court reduces the defendant's term of imprisonment").

## 2. **Amendment 782**

Amendment 782 to the Guidelines went into effect on November 1, 2014. U.S.S.G. app. C suppl., amend. 782 at 74 (2015). The amendment "reduced the base offense levels assigned to drug quantities in U.S.S.G. § 2D1.1, effectively lowering the

Guidelines minimum sentences for drug offenses." *United States v. Goodwin*, --- F. App'x ---, ---, 2015 WL 7974633, at \*2 (10th Cir. Dec. 7, 2015) (unpublished); *see* 10th Cir. R. 32.1(A) (permitting citation to unpublished decisions for their persuasive value). Amendment 782 applies retroactively. U.S.S.G. § 1B1.10(a)(2)(A), (d).

## C. *Analysis*

Neither counsel's *Anders* brief nor Mr. Kurtz's response identifies any non-frivolous basis for reversal. The following discusses the district court's authority under § 3582(c)(2) and Mr. Kurtz's Ex Post Facto Clause challenge to Amendment 759. Having "conduct[ed] a full examination of the record," we conclude Mr. Kurtz's appeal is meritless. *Calderon*, 428 F.3d at 930. We therefore grant counsel's motion to withdraw and dismiss this appeal.

1. **The District Court Lacked Statutory Authority to Grant Relief Under Amendment 782**

The district court found Mr. Kurtz was responsible for an amount of drugs equivalent to 6,068 kilograms of marijuana. Under Amendment 782, this quantity now corresponds to a base offense level of 32, rather than 34, as the court found at sentencing. U.S.S.G. § 2D1.1(c)(4). Keeping all other Guidelines enhancements and reductions the same, Mr. Kurtz's total offense level becomes 31 under the amendment (32 minus 3 for acceptance of responsibility, plus 2 for maintaining a premises for distribution). *See id.* § 1B1.10(b)(1) (directing courts, when granting a sentence reduction under a retroactive

amendment, to "leave all other guideline application decisions unaffected"). His amended Guidelines range is therefore 121-151 months. *See id.* ch. 5, pt. A.[1]

The district court may not reduce Mr. Kurtz's sentence to a term of less than the lower bound of this range. *Id.* § 1B1.10(b)(2)(A). Because his original sentence—78 months—is already less than 121 months, the district court is not empowered to reduce it further. The only exception to this rule—for cases in which the Government files a motion under U.S.S.G. § 5K1.1 to reflect the defendant's substantial assistance to authorities—does not apply here because the Government did not file such a motion. The district court therefore lacks statutory authority to reduce Mr. Kurtz's sentence under § 3582(c)(2).

2. **Amendment 759 Does Not Violate the Ex Post Facto Clause**

In his *Anders* brief, counsel identifies only one other possible theory for reversal: that Amendment 759—which limits courts' power under § 3582(c)(2) to impose sentences below the amended Guidelines range for defendants whose original sentences fell below the Guidelines range—violates the Ex Post Facto Clause. This argument lacks merit.

Congress may not pass any "ex post facto Law." U.S. Const. art. I, § 9, cl. 3. "[T]he Constitution's *ex post facto clause* prohibits four types of laws: (1) those that

---

[1] In his response to counsel's *Anders* brief, Mr. Kurtz argues the district court calculated a Guidelines range of 78-97 months at the 2012 sentencing hearing. The transcript of that hearing is not in the record, but the August 29, 2012 judgment entered below clearly indicates the district court determined the Guidelines range to be 151-188 months.

make an action done before the passing of the law, and which was innocent when done, criminal; (2) those that aggravate a crime or make it greater than it was when committed; (3) those that inflict a greater punishment for the crime than was in [] place at the time the crime was committed; and (4) those that alter the legal rules of evidence and allow for the receipt of less or different testimony than the law required at the time the crime was committed." *United States v. Vernon*, --- F.3d ---, ---, 2016 WL 502835, at *8 (10th Cir. Feb. 9, 2016) (citing *Carmell v. Texas*, 529 U.S. 513, 522 (2000)).

"The central concern of the *ex post facto* clause is fair notice to a defendant that the punishment for a crime has been increased from what it was when the crime was committed." *United States v. Weiss*, 630 F.3d 1263, 1276 (10th Cir. 2010) (brackets and quotation omitted). "The touchstone of [our] inquiry is whether a given change in law presents a sufficient risk of increasing the measure of punishment attached to the covered crimes." *Peugh v. United States*, 133 S. Ct. 2072, 2082 (2013) (quotations omitted). "At sentencing, an ex post facto violation occurs when the district court applies a guideline to an event occurring before its enactment, and the application of that guideline disadvantages the defendant by altering the definition of criminal conduct or increasing the punishment for the crime." *Weiss*, 630 F.3d at 1276 (quotation omitted).

Of the four categories of ex post facto laws, only the third is potentially relevant here. Mr. Kurtz's criminal conduct occurred before November 1, 2011, when Amendment 759 went into effect. If there is an ex post facto violation, therefore, it must be because the amendment effectively "inflict[s] a greater punishment for the crime than was in [] place at the time the crime was committed." *Vernon*, 2016 WL 502835, at *8.

But Amendment 759 does no such thing. It does not "*increas[e]* the measure of punishment attached to the covered crimes," *Peugh*, 133 S. Ct. at 2082 (quotations omitted) (emphasis added), or apply a guideline that "disadvantages the defendant by . . . *increasing* the punishment for the crime," *Weiss*, 630 F.3d at 1276 (emphasis added). Instead, the amendment narrows district courts' discretion to *decrease* a defendant's sentence. Mr. Kurtz has not identified, and we have not found, any case suggesting such limiting of a court's power to reduce an otherwise final sentence violates the Ex Post Facto Clause. *See Henderson v. Scott*, 260 F.3d 1213, 1215 (10th Cir. 2001) ("The Supreme Court has rejected the argument 'that the Ex Post Facto Clause forbids any legislative change that has any conceivable risk of affecting a prisoner's punishment.'" (quoting *Cal. Dep't of Corr. v. Morales*, 514 U.S. 499, 508 (1995))).

Indeed, we have twice rejected ex post facto challenges identical to Mr. Kurtz's for exactly this reason. *United States v. Stanfiel*, --- F. App'x ---, 2015 WL 9014182, at *3 (10th Cir. Dec. 16, 2015) (unpublished) ("[C]ases that arise under § 3582(c)(2) by their nature have no bearing on the ex post facto clause, because [they] cannot increase a punishment." (second brackets in original) (quotation omitted)); *United States v. Hinson*, --- F. App'x ---, 2016 WL 888509, at *2 (10th Cir. Mar. 9, 2016) (unpublished) ("[T]he application (or not) of Amendment 782 could not give rise to an ex post facto problem, for it offers only the prospect of reducing (not increasing) a defendant's sentence.").[2]

---

[2] Although not precedential, we find the reasoning of these unpublished opinions instructive. *See* 10th Cir. R. 32.1 ("Unpublished decisions are not precedential, but may be cited for their persuasive value."); *see also* Fed. R. App. P. 32.1.

- 10 -

Mr. Kurtz's sentence remains 78 months after enactment of Amendment 759, just as it was before. On these facts, there is no ex post facto violation. *See Weaver v. Graham*, 450 U.S. 24, 30 (1981) ("Critical to relief under the *Ex Post Facto* Clause is not an individual's right to less punishment, but the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated.").

At least two other courts of appeals are in accord. In *United States v. Colon*, 707 F.3d 1255 (11th Cir. 2013), the Eleventh Circuit rejected an ex post facto challenge based on a previous Guidelines amendment that, like Amendment 782, lowered certain base offense levels in the drug quantity table:

> The net effect of Amendments 750 and 759 was not to increase [the defendant's] range of punishment above what it was at the time she committed her crimes. [The defendant's] guidelines range after those amendments was the same as it would have been without them. So long as the effect of post-conduct amendments to the guidelines is not to increase a defendant's punishment beyond what it would have been without those amendments, the imposition of punishment [is not] more severe than the punishment assigned by law when the act to be punished occurred, and there is no ex post facto problem.

707 F.3d at 1258-59 (quotation and citation omitted) (last brackets in original). Facing a similar challenge to Amendment 759, the Ninth Circuit cited *Colon* approvingly and denied relief:

> The application of the 2011 version of § 1B1.10 to [the defendant's] case may have prevented him, like Colon and [the defendant in another case], from benefitting from recent reductions in the harsh crack cocaine penalties. But, because application of the amendments would not increase the punishment for his crime over what was imposed when he was sentenced, there is no ex post facto problem.

*United States v. Waters*, 771 F.3d 679, 681 (9th Cir. 2014).

Mr. Kurtz's response to counsel's *Anders* brief does not identify any other arguments—frivolous or otherwise—for reversal, nor can we conceive of any. We therefore grant counsel's motion to withdraw and dismiss this appeal.

## III.   **CONCLUSION**

The district court lacked authority under § 3582(c)(2) to reduce Mr. Kurtz's sentence below 78 months. Amendment 759 to the Guidelines, which deprived the court of that authority, does not violate the Ex Post Facto Clause. Accordingly, we grant counsel's motion to withdraw and dismiss this appeal.