**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 10, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

SIGIFREDO SAENZ,

    Defendant - Appellant.

No. 15-3274
(D.C. No. 6:05-CR-10245-JTM-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **HOLMES**, and **MORITZ**, Circuit Judges.
_____

Appearing pro se, Sigifredo Saenz appeals the district court's denial of his motion to reconsider the court's order reducing his sentence under 18 U.S.C. § 3582(c)(2).[1] Because the district court lacked authority to reduce Saenz's sentence below the minimum of the amended Guidelines range, we affirm.

In 2006, a jury convicted Saenz of various crimes arising from his possession and distribution of methamphetamine. Saenz's presentence investigation report

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[1] We liberally construe Saenz's pro se filings, but it's not our role to act as his advocate. *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

reflected a total offense level of 38 and a criminal history category of I, producing a Guidelines range of 235 to 293 months in prison. Citing the nature and circumstances of the offense, Saenz's history and characteristics, and the necessity of avoiding unwarranted sentencing disparities among defendants, the district court imposed a below-Guidelines sentence of 192 months.

The Sentencing Commission subsequently issued Amendment 782, which lowered by two levels most of the base offense levels provided in the Guidelines' Drug Quantity Table. *See* U.S.S.G. app. C, amend. 782. Saenz filed a motion for sentence reduction under § 3582(c)(2), which authorizes a district court to reduce a defendant's sentence if it was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."

In light of Amendment 782, the district court calculated an amended offense level of 36, resulting in an amended Guidelines range of 188 to 235 months in prison. The court thus granted Saenz's motion, reducing his original 192-month sentence to 188 months—the minimum of the amended Guidelines range. Saenz requested reconsideration, arguing that because his original 192-month sentence was 43 months below the minimum of his original Guidelines range, the district court should reduce his amended sentence to 43 months below the minimum of his amended Guidelines range, resulting in a 145-month sentence. The district court denied Saenz's motion, explaining that Saenz "presented no basis for concluding that the relatively lenient sentence warrant[ed] further reduction." R. vol. 1, 556.

Saenz appeals, arguing the district court should have reduced his sentence to 145 months. But a district court "shall not reduce the defendant's term of imprisonment" under § 3582(c)(2) "to a term that is less than the minimum of the amended guideline range" unless the defendant originally received a sentence reduction "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." U.S.S.G. § 1B1.10(b)(2)(A)-(B). Here, the district court imposed an amended sentence of 188 months—the minimum of the amended guideline range. And because Saenz didn't initially receive a reduction pursuant to a government motion to reflect his substantial assistance to authorities, the district court lacked authority to further reduce Saenz's sentence. *See United States v. Kurtz*, ––– F.3d ––––, ––––, 2016 WL 1212066, at *3-4 (10th Cir. Mar. 29, 2016) (explaining district court lacked statutory authority to reduce defendant's sentence to term less than the minimum of the amended Guidelines range because government didn't file motion to reduce sentence based on defendant's substantial assistance to authorities).

Accordingly, we affirm the district court's denial of Saenz's motion to reconsider his reduced sentence.

Entered for the Court


Nancy L. Moritz
Circuit Judge

3