**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 10, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

OSCAR IBARRA,

     Defendant - Appellant.

No. 15-5115
(D.C. No. 4:07-CR-00163-CVE-2)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

This appeal involves amendment of the U.S. Sentencing Guidelines after the defendant was convicted in federal court. At sentencing, the district court varied downward from the defendant's guideline range and imposed a prison term of 168 months. Afterward, a 2014 amendment to the U.S. Sentencing Guidelines, Amendment 782, reduced the bottom of the defendant's guideline range to 168 months. U.S.S.G. supp. app. C.,

---

[*]    The Court concludes that oral argument would not materially aid our consideration of the appeal. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). Thus, we have decided the appeal based on the briefs.

    Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

amend. 782 (2015). But the district court had already imposed a 168-month sentence. As a result, the district court declined to lower the sentence further based on Amendment 782. The defendant appeals, but we affirm because the district court lacked power to lower the sentence below 168 months.

Congress anticipated that the U.S. Sentencing Guidelines might be amended from time to time. When guideline ranges are lowered, 18 U.S.C. § 3582(c)(2) allows the district court to reduce a previously imposed sentence in certain circumstances. Accordingly, the defendant invoked § 3582(c)(2), arguing in his motion that Amendment 782 supported a reduction in his sentence.

For rulings on motions for a sentence reduction, we ordinarily apply the abuse-of-discretion standard. *United States v. Hodge*, 721 F.3d 1279, 1280 (10th Cir. 2013). But the scope of the district court's authority under § 3582(c)(2) involves a question of law subject to de novo review. *United States v. Kurtz*, __ F.3d __, 2016 WL 1212066, at *2 (10th Cir. Mar. 29, 2016) (to be published). Thus, we consider de novo whether the district court had authority to lower the defendant's sentence based on Amendment 782.

When the defendant was initially sentenced, his guideline range was 210 to 262 months. But the district court granted a downward variance and sentenced the defendant to 168 months' imprisonment.

Amendment 782 lowered the defendant's guideline range to 168 to 210 months. This lowered guideline range, however, does not benefit the defendant because he had already been sentenced to 168 months' imprisonment through the district court's downward variance.

Generally, the district court cannot resentence the defendant below the amended guideline range. *United States v. Kurtz*, __ F.3d __, 2016 WL 1212066, at *3 (10th Cir. Mar. 29, 2016) (to be published). An exception exists under Amendment 759 to the Sentencing Guidelines. Under Amendment 759, the district court could dip below the amended guideline range only if Mr. Ibarra's original sentence had fallen below his original guideline range based on the government's filing of a motion arising out of Mr. Ibarra's substantial assistance. *Id.*, *see* U.S.S.G. app. C., Vol. III, amend. 759 (2015); U.S.S.G. § 1B1.10(b)(2)(B) (2015).

But the government did not file a substantial assistance motion in Mr. Ibarra's case. Accordingly, the district court lacked authority to impose a sentence below the amended guideline range. *See Kurtz*, 2016 WL 1212066, at *4 (holding that a district court could not sentence the

defendant below his amended guideline range because the government had not filed a motion based on substantial assistance).

The defendant insists that the amended guideline range would have dipped below 168 months if the district court had applied the downward variance before applying Amendment 782. But the Sentencing Guidelines' commentary[1] explains that § 3582(c)(2) authorizes a sentence reduction only if an amendment lowers the applicable guideline range. U.S.S.G. § 1B1.10 n.1(A). The commentary then defines the applicable guideline range as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual *or any variance*[]." *Id.* (emphasis added). Thus, the district court had to apply the variance only after determining the amended guideline range based on Amendment 782.

The amended guideline range bottomed out at 168 months, which was the sentence already imposed. The district court could not reduce the

---

[1]    "Commentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *United States v. Boyd*, 721 F.3d 1259, 1261 (10th Cir. 2013) (quoting *United States v. Nacchio*, 573 F.3d 1062, 1066-67 (10th Cir. 2009)).

sentence any further. As a result, we affirm.

Entered for the Court

Robert E. Bacharach
Circuit Judge