**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 27, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ALMA MARQUEZ,

    Defendant - Appellant.

No. 16-6043
(D.C. No. 5:12-CR-00233-R-1)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HOLMES**, and **MORITZ**, Circuit Judges.[**]

    Defendant-Appellant Alma Ramos Marquez appeals from the district

court's denial of a sentence reduction under Amendment 782 of the Sentencing

Guidelines. United States v. Marquez, No. CR-12-233-R (W.D. Okla. Jan. 29,

2016). The amendment reduced the base offense levels for drug quantities in

U.S.S.G. § 2D1.1, effectively lowering the guidelines' minimum sentences for

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

drug offenses. We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and we affirm.

In 2012, the government filed an information charging Ms. Marquez with conspiracy to possess with intent to distribute and to distribute methamphetamine. 21 U.S.C. § 846; 1 R. 9. Ms. Marquez subsequently entered into a plea agreement with the government. 1 R. 14-26. With a total offense level of 38 and a criminal history category of I, the advisory guideline range was 235–293 months' imprisonment. The district court varied downward and sentenced Ms. Marquez to 144 months' imprisonment and five years' supervised release. Id. at 41-42.

Amendment 782 subsequently reduced the applicable base offense level to 36. Given a criminal history category of I, Ms. Marquez's amended guideline range would be 188–235 months.

Ms. Marquez sought a sentence reduction. The probation office advised that she was ineligible because her 144-month sentence is below the bottom of the amended guideline range and was not the result of substantial assistance motion. U.S.S.G. § 1B1.10(b)(2)(A). The district court denied her request. Ms. Marquez now appeals to preserve this issue "in the event Congress, the Sentencing Commission, or the Supreme Court determine she is eligible for relief." Aplt. Br. at 13.

We review the scope of the district court's authority in an 18 U.S.C. § 3582(c)(2) proceeding de novo. United States v. Rhodes, 549 F.3d 833, 837

- 2 -

(10th Cir. 2008).  Courts are empowered to reduce a defendant's sentence when the "term of imprisonment [is] based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o)." 18 U.S.C. § 3582(c)(2).  However, a district court may not reduce a sentence to "less than the minimum of the amended guideline range."  U.S.S.G. § 1B1.10(b)(2)(A).  While there currently is a "substantial assistance" exception to the general rule, it does not apply here.  See id. § 1B1.10(b)(2)(A)–(B); Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Kurtz, 819 F.3d 1230, 1235 (10th Cir. 2016).  Because Ms. Marquez's current sentence is less than her sentence as amended by Amendment 782 and the substantial assistance exception does not apply, she is ineligible for a reduction.  We recognize Ms. Marquez's argument that the "policy considerations expressed by the Commission clearly" weigh in favor of her requested relief.  Aplt. Br. at 13.  These policy arguments, however, cannot overcome the clear language of the Sentencing Commission, the Supreme Court, or this court, and we are so bound.  U.S.S.G. § 1B1.10(b)(2)(A); Dillon, 560 U.S. at 827; Kurtz, 819 F.3d at 1235.

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge