**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 11, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DANNY JAMES GOLDEN,

Defendant-Appellant.

No. 16-7012
(D.C. No. 6:04-00011-JHP-5)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.

Mr. Danny James Golden was convicted of conspiracy to distribute and distribution of methamphetamine. He now appeals the district court's denial of a motion for sentence reduction under 18 U.S.C. § 3582. Mr. Golden's counsel filed a brief invoking *Anders v. California*, 386 U.S. 738 (1967) and moving to withdraw based on the absence of any reasonable

---

[*]   Oral argument would not be helpful in this appeal. As a result, we are deciding the appeal based on the briefs. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

grounds for appeal. We conclude that any appellate challenges would be frivolous. Thus, we grant the motion to withdraw and dismiss the appeal.

## I.    *Anders v. California*

Under *Anders*, attorneys can seek leave to withdraw from an appeal when they conscientiously examine a case and determine that an appeal would be frivolous. 386 U.S. at 744. To obtain leave to withdraw, an attorney must

> submit a brief to the client and the appellate court indicating any potential appealable issues based on the record. The client may then choose to submit arguments to the court. The [c]ourt must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal.

*United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005).

Mr. Golden's counsel filed a brief, moving to withdraw. We base our decision on the brief filed by defense counsel and the record on appeal. In reviewing the record, we engage in de novo review. *See United States v. Kurtz*, 819 F.3d 1230, 1233 (10th Cir. 2016) ("When counsel submits an *Anders* brief, our review of the record is de novo.").

## II.   Amendment to the Sentencing Guidelines

Mr. Golden moved under § 3582(c)(2) for a sentence reduction on the ground that the sentencing guideline range had been lowered by the Sentencing Commission. But the amendment did not affect Mr. Golden's

guideline range. In 2004, 1.5 kilograms of actual methamphetamine would trigger a base-offense level of 38. Through the amendment, the Sentencing Commission increased the quantity that would trigger a base-offense level of 38. But even with the increased threshold, Mr. Golden would still be tagged with a base-offense level of 38. As a result, he cannot reasonably challenge the sentence based on the amendment to the guidelines.

## III.    Challenge to the Guideline Range

Mr. Golden could also argue that his guideline range was incorrectly calculated based on facts not charged in the indictment or admitted in the plea. But this issue is not cognizable under § 3582(c)(2). This section simply authorizes reduction of a sentence based on an amendment to the guidelines, not correction of a sentence that was improper from the outset. *United States v. Torres-Aquino*, 334 F.3d 930, 941 (10th Cir.2003).

## IV.    Conclusion

We agree with Mr. Golden's counsel that there are no reasonable grounds for appeal. Thus, we grant counsel's motion to withdraw and dismiss the appeal.

Entered for the Court


Robert E. Bacharach
Circuit Judge


3