**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 8, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

PAUL J. VASQUEZ,

    Defendant - Appellant.

No. 17-2125
(D.C. No. 2:08-CR-00521-JAP-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH, MURPHY,** and **MORITZ**, Circuit Judges.
_____

Mr. Paul Vasquez was convicted of being a felon in possession of a
firearm and sentenced to ten years' imprisonment and two years'
supervised release. He appeals, and his attorney filed a brief invoking
_Anders v. California_, 386 U.S. 738 (1967) and moving to withdraw based
on the absence of any reasonable grounds for appeal. We conclude that any

---

[*]    Mr. Vasquez's counsel has not requested oral argument, and we
conclude that oral argument would not materially aid our consideration of
the appeal. _See_ Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). Thus, we
have declined to conduct oral argument.

    Our order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But the order and judgment may be cited for its persuasive value under
Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

appellate challenges would be frivolous. Thus, we grant the motion to withdraw and dismiss the appeal.

Under *Anders*, attorneys can seek leave to withdraw from an appeal when they conscientiously examine a case and determine that an appeal would be frivolous. 386 U.S. at 744. To obtain leave to withdraw, an attorney must

> submit a brief to the client and the appellate court indicating any potential appealable issues based on the record. The client may then choose to submit arguments to the court. The [c]ourt must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal.

*United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005).

Mr. Vasquez's counsel filed a brief, moving to withdraw. We base our decision on the brief filed by defense counsel and the record on appeal. In reviewing the record, we engage in de novo review. *See United States v. Kurtz*, 819 F.3d 1230, 1233 (10th Cir. 2016) ("When counsel submits an *Anders* brief, our review of the record is de novo."). Exercising de novo review, we conclude that any appellate grounds would be frivolous. Thus, we grant the motion to withdraw and dismiss the appeal.

Entered for the Court


Robert E. Bacharach
Circuit Judge

2