FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**April 21, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RYAN GOODALL,

    Defendant - Appellant.

No. 21-3112
(D.C. No. 2:19-CR-20070-SRB-4)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BACHARACH**, **BALDOCK**, and **McHUGH**, Circuit Judges.

_____

Mr. Ryan Goodall was convicted after a guilty plea on drug- and gun-charges (conspiring to possess at least 50 grams of methamphetamine with intent to distribute, distributing at least 50 grams of methamphetamine, and possessing a firearm in furtherance of drug trafficking) and sentenced to

---

[*]    Oral argument would not help, so we decide the appeal based on the record and the parties' briefs. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

124 months' imprisonment. *See* 18 U.S.C. § 2; 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), 846, 924(c). He appeals.

Mr. Goodall's counsel seeks leave to withdraw, invoking *Anders v. California*, 386 U.S. 738 (1967), and stating that any appellate challenges would be frivolous. We agree with defense counsel that all potential grounds for appeal would be frivolous. So we grant the motion to withdraw and dismiss the appeal.

**1.    *Anders v. California***

Under *Anders v. California*, attorneys may seek leave to withdraw from an appeal when they conscientiously examine a case and determine that an appeal would be frivolous. *Id.* at 744. To obtain leave to withdraw, an attorney must

> submit a brief to the client and the appellate court indicating any potential appealable issues based on the record. The client may then choose to submit arguments to the court. The [c]ourt must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal.

*United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005).

Defense counsel filed a brief, stating that any appellate challenges would be frivolous; and Mr. Goodall declined to file a pro se brief. So we rely on (1) defense counsel's brief and (2) the record on appeal. We engage in de novo review of the record to determine whether any appellate

challenge would be frivolous. *United States v. Kurtz*, 819 F.3d 1230, 1233 (10th Cir. 2016).

**2.     Conviction**

Our review of the record suggests that the district court complied with the requirements of Federal Rule of Criminal Procedure 11 and ensured that Mr. Goodall's guilty plea was informed, free, and voluntary.

**3.     Sentence**

No reasonable basis exists to challenge the district court's guideline calculation, and Mr. Goodall's sentence dipped below the floor of the guideline range. We thus presume that the sentence is substantively reasonable. *Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Kristl*, 437 F.3d 1050, 1055 (10th Cir. 2006) (per curiam). Though this presumption is rebuttable, Mr. Goodall bears the burden of demonstrating the sentence is unreasonable. *Kristl*, 437 F.3d at 1055. Mr. Goodall has not tried to meet that burden.

**4.     Conclusion**

Any appellate grounds would be frivolous, so we grant counsel's motion to withdraw and dismiss the appeal.

Entered for the Court

Robert E. Bacharach
Circuit Judge