**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**March 10, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RONALD QUINN,

    Defendant - Appellant.

No. 24-3103
(D.C. No. 2:22-CR-20040-HLT-3)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

Defendant-Appellant Ronald Quinn pleaded guilty to possession of

methamphetamine with intent to distribute in violation of 21 U.S.C. § 841 and was

sentenced to 108 months in prison, followed by four years of supervised release. He

timely filed a notice of appeal. His counsel submitted an *Anders* brief stating this appeal

presents no non-frivolous grounds for reversal. After careful review of the record, we

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with Federal
Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

agree. Exercising jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, we grant counsel's motion to withdraw and dismiss the appeal.

## I.     BACKGROUND

Mr. Quinn was charged with: (1) possession of methamphetamine with the intent to distribute in violation of 21 U.S.C. § 841; (2) conspiracy to distribute and possess methamphetamine with intent to distribute in violation of 21 U.S.C. § 846; and (3) use of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c). On March 22, 2024, Mr. Quinn entered into a written plea agreement, in which he did not waive his right to bring subsequent claims of prosecutorial misconduct or ineffective assistance of counsel but waived all other potential challenges to his conviction and sentence. He pleaded guilty to possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841, a Class B Felony. The district court accepted the plea agreement.

The presentence report (PSR) filed with the district court determined Mr. Quinn's offense level is 31 and his criminal history category is I. *See* United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") § 2D1.1. The PSR calculated Mr. Quinn's Guidelines range to be 108 to 135 months in prison, with four to five years of supervised release following imprisonment, and a fine of $30,000 to $5,000,000. The district court sentenced him to 108 months in prison, to be followed by four years of supervised release.

Mr. Quinn timely filed a notice of appeal on July 25, 2024. His appellate counsel filed a brief and motion to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967), which allows defense counsel to "request permission to withdraw" when

counsel conscientiously examines a case and determines that an appeal would be "wholly frivolous." While both Mr. Quinn and the Government had an opportunity to respond to counsel's *Anders* brief, neither did so.

## II.    STANDARD OF REVIEW

When counsel submits an *Anders* brief, we review the record de novo. *See, e.g.*, *United States v. Kurtz*, 819 F.3d 1230, 1233 (10th Cir. 2016). This court must "conduct a full examination of the record to determine whether defendant's claims are wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005). "If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal." *Id*.

## III.    DISCUSSION

Here, the *Anders* brief addresses whether Mr. Quinn has any non-frivolous arguments to claim (1) ineffective assistance of counsel or (2) prosecutorial misconduct. It concludes neither has merit, and we agree. Based on our de novo review, we conclude that none of the issues addressed in the *Anders* brief has merit, and we have not detected any other viable issues.

### A.    *Ineffective Assistance of Counsel*

The *Anders* brief addresses whether the record supports an ineffective assistance of counsel claim and finds no meritorious arguments. Neither do we.

"In order to succeed on a claim of ineffective assistance, [the defendant] must establish that his counsel's performance: (1) fell below an objective standard of

reasonableness and (2) that he was prejudiced by this performance." *Beavers v. Saffle*, 216 F.3d 918, 925 (10th Cir. 2000). While there is no evidence in the record to support either prong of this test, we generally do not review ineffective assistance claims on direct appeal. *See United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc).

Mr. Quinn did not raise the issue of ineffective assistance of counsel until his sentencing hearing. At his change of plea hearing, the district court asked: "Mr. Quinn, are you fully satisfied with the counsel, representation, and advice given to you in this case by [your counsel]?" ROA Vol. III at 28. To which Mr. Quinn answered, "Yes." *Id.* At his sentencing hearing, however, Mr. Quinn complained about his three trial attorneys' performance in general terms, stating he had "some of the – some horrible, horrible counsel from day one," *id.* at 64; that "it's going to be a one-side[d] affair because [the Government] presented a better case," *id.* at 66; and that he "didn't even get a chance to object to [his] PS[R] at all," [1] *id.* at 67. Mr. Quinn did not present any specific examples of deficient performance by any of his attorneys at either hearing.

We generally do not review an ineffective assistance of counsel argument on direct appeal. *See Galloway*, 56 F.3d at 1240 ("Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed."). We will consider an ineffective assistance of counsel claim on direct appeal "where such claims were

---

[1] This is not the case. Prior to this colloquy with the district court, Mr. Quinn agreed he had read and discussed the PSR with his attorney, and that he had enough time to review it with his attorney and have all his questions answered. Through his attorney, he also told the court he had no objections to the PSR.

adequately developed by the district court prior to appeal." *United States v. Gallegos*, 108 F.3d 1272, 1280 (10th Cir. 1997). That record has not been developed here. Thus, this is not one of those "rare instances" where "an ineffectiveness of counsel claim may need no further development prior to review on direct appeal." *Galloway*, 56 F.3d at 1240. The district court did not address the issue, and Mr. Quinn failed to point to any factual evidence of deficient performance of counsel or prejudice. We thus see no reason to depart from our general practice of not reviewing ineffective assistance of counsel claims on direct appeal here.

### B.    *Prosecutorial Misconduct*

The *Anders* brief considers whether the record supports a prosecutorial misconduct claim and concludes it does not. We agree.

Prosecutorial misconduct is the overstepping of "the bounds of that propriety and fairness which should characterize the conduct of [the United States Attorney] in the prosecution of a criminal offense." *Berger v. United States*, 295 U.S. 78, 84 (1935). "We use a two-step process when evaluating claims of prosecutorial misconduct. First, we examine whether the conduct was, in fact, improper. If we answer that question in the affirmative, we must then determine whether it warrants reversal." *United States v. Oberle*, 136 F.3d 1414, 1421 (10th Cir.1998).

Mr. Quinn did not raise any issue of prosecutorial misconduct until his sentencing hearing. There, he stated that the "[G]overnment's been ridiculous in this case . . . for them to be able to get away with getting people to cooperate, exposing them to danger, putting them in the safeguards, not safeguarding them at all, it's completely ridiculous."

ROA Vol. III at 62. He also alleged there was "apparent misconduct" without identifying any specific instance of prosecutorial misconduct, instead asserting the Government "[got] a max [] [G]uideline[s] sentence out of the deal"—which it did not. *Id*. at 63. Finally, he stated that "from the start . . . the [G]overnment's got their way. Nobody's [been] listening to me from day one . . . . This has just been [] a nightmare experience." *Id*. at 64. None of these frustrations challenge the propriety of the Government's specific conduct.

Further, our independent review of the record has not identified any non-frivolous arguments Mr. Quinn could make to support his claim of prosecutorial misconduct. Accordingly, we agree with defense counsel that the claim is without merit.

## IV.    CONCLUSION

Our independent review of the record reveals no non-frivolous grounds for reversal. Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.

Entered for the Court

Carolyn B. McHugh
Circuit Judge

6