**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 28, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ANTONIO ORTIZ HERRERA,

    Defendant - Appellant.

No. 25-6116
(D.C. No. 5:22-CR-00233-SLP-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **MORITZ**, and **FEDERICO**, Circuit Judges.
_____

A federal court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). But this general rule has exceptions. One exception allows courts to reduce sentences imposed "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." § 3582(c)(2). Through Amendment 782, the Sentencing Commission "reduced the base offense levels assigned to certain drug offenses." *United States v. Green*, 886 F.3d 1300, 1302 (10th Cir. 2018).

---

[*] We have honored the parties' request for a decision without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). This decision is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

Citing Amendment 782, Antonio Ortiz Herrera[1] moved for a reduction of the prison sentence he received after pleading guilty to a drug crime.  The district court concluded he was ineligible for a reduction based on Amendment 782 because his sentence already accounted for it.  After all, the amendment took effect nearly ten years before Ortiz received his sentence.  Having found Ortiz ineligible for a shorter sentence based on Amendment 782, the court dismissed his motion.

Ortiz appeals the dismissal.  Yet he never attempts to explain why the district court's reason for dismissing his motion was wrong.[2]  He has therefore waived any challenge to the court's decision.  *See Santucci v. Commandant, U.S. Disciplinary Barracks*, 66 F.4th 844, 851 n.9 (10th Cir. 2023).

Even if we were to overlook Ortiz's waiver and review the district court's decision de novo, *see United States v. Rhodes*, 549 F.3d 833, 837 (10th Cir. 2008), we would still affirm.  Amendment 782 took effect in 2014.  *United States v. Kurtz*, 819 F.3d 1230, 1233 (10th Cir. 2016).  And so it already factored into Ortiz's 2024 sentence.

---

[1] Following Appellant's lead, we will refer to him as Ortiz.  And because he represents himself, we construe his filings liberally.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] The arguments Ortiz raises—related to the drug quantities attributed to him and the nature of his plea agreement—have no bearing on his eligibility for a reduced sentence.

\*        \*        \*

We grant Ortiz's motion to proceed without prepaying costs or fees (Dkt. No. 11).  We affirm the district court's order.

Entered for the Court


Nancy L. Moritz
Circuit Judge