**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 5, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

<u>**PUBLISH**</u>

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellant,

v.

GREGORY C. WOMACK,

    Defendant - Appellee.

No. 15-6202
(D.C. No. 5:98-CR-00084-C-1)
(W.D. Okla.)

_____

**ORDER**
_____

Before **TYMKOVICH**, Chief Judge, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

This matter is before the court on the appellee's *Petition for Rehearing, with En Banc Consideration Requested.* We also have a response from the United States.

Upon consideration, panel rehearing is granted in part and is limited to the revisions made to footnote 2 in the attached revised Opinion. The clerk is directed to file the revised decision forthwith.

In addition, the petition for en banc consideration was circulated to all the judges of the court who are in regular active service and who are not recused. As no member of

the original panel and no judge in regular active service requested that the court be

polled, the request for en banc reconsideration is denied.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

FILED
United States Court of Appeals
Tenth Circuit

October 5, 2016

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

UNITED STATES OF AMERICA,

      Plaintiff-Appellant,

v.

GREGORY C. WOMACK,

      Defendant-Appellee.

No. 15-6202

_____

**Appeal from the United States District Court
for the Western District of Oklahoma
(D.C. No. 5:98-CR-00084-C-1)**
_____

Submitted on the briefs.[*]

Steven W. Creager (Mark A. Yancey, United States Attorney, with him on the briefs), Assistant United States Attorney, Office of the United States Attorney, Oklahoma City, Oklahoma, for Plaintiff-Appellant.

Susan M. Otto, Federal Public Defender, Oklahoma City, Oklahoma, for Defendant-Appellee.

_____

---

[*]     Oral argument would not materially aid our consideration of the appeal. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). Thus, we have decided the appeal based on the briefs.

Before **TYMKOVICH** Chief Judge, **BACHARACH** and **MORITZ**, Circuit Judges.

_____

**BACHARACH**, Circuit Judge.

_____

This appeal grew out of the sentencing and resentencing of Mr. Gregory Womack, who was convicted of federal crimes involving the manufacture and distribution of methamphetamine. In a prior appeal, we upheld the initial sentence based on the sentencing guidelines in effect at the time of the crimes. But after issuance of our decision, the U.S. Sentencing Commission adopted two guideline amendments: Amendment 782 and Amendment 750. Amendment 782 lowered the base offense levels for certain drug weights. But Amendment 750 had the opposite effect for crimes involving methamphetamine, promulgating a revised drug-equivalency table in which each gram of methamphetamine had a higher marijuana-equivalent weight than when Mr. Womack had committed his crimes.

If both amendments were considered together, Mr. Womack's guideline range would remain what it had been at the time of the crimes. If Amendment 782 were considered in isolation, though, the guideline

range would be reduced and Mr. Womack would be eligible for a sentence reduction.

Mr. Womack successfully moved for a reduction in his sentence under 18 U.S.C. § 3582(c)(2), arguing to the district court that the only relevant amendment was Amendment 782. We disagree. In our view, Amendment 750 was also relevant and precluded Mr. Womack from obtaining a reduction in his sentence.

**1.    The guideline range is based partly on drug weight, which involves a conversion to marijuana equivalents when multiple drugs are involved.**

In 1998, Mr. Womack was convicted of crimes involving methamphetamine. Nonetheless, the district court found that Mr. Womack's relevant conduct also involved cocaine and marijuana. For sentencing, all of these drugs could be considered. *See* U.S.S.G. § 2D1.1 applic. note 5 (2014).[1]

To incorporate these drugs into Mr. Womack's sentence, the district court had to quantify their weights. The court then added these weights and used the total to calculate the guideline range; the greater the weight,

---

[1]    We rely on the guidelines in effect when the district court granted Mr. Womack's motion for a sentence reduction. *See* U.S.S.G. § 1B1.10 applic. note 8 (2015) (requiring use of the version of the policy statement in effect when the court reduces the sentence under 18 U.S.C. § 3582(c)(2)).

the harsher the guideline range. *See* 21 U.S.C. § 841(b)(1) (2012); U.S.S.G. § 2D1.1(c) (2014).

When only a single drug is involved, calculation of the weight is simple. But when multiple drugs are involved, they must be combined. To combine these drug weights, the court must convert the various drugs into an equivalent marijuana unit. *See* U.S.S.G. § 2D1.1, applic. note 8(B) (2014). The district court did so, converting all of the drug weights to their marijuana equivalents and adding these figures.

### 2. The district court imposed concurrent sentences of 360 months and 240 months.

The sum was a marijuana equivalent of 33,592.6547 kilograms, which corresponded to a final offense level of 42 and triggered a guideline range of 360 months to life imprisonment. Using this guideline range, the court imposed concurrent terms of 360 months and 240 months. On direct appeal, we held that the final offense level should have been 40 (rather than 42) and that the marijuana equivalent should have been roughly 26,000 kilograms (rather than 33,592.6547 kilograms). Even with these corrections, however, we concluded that the guideline range would have remained 360 months to life imprisonment. As a result, we did not disturb the sentence.

**3. The U.S. Sentencing Commission adopted two amendments to the guidelines, one reducing the base offense levels (Amendment 782) and the other increasing methamphetamine's marijuana-equivalent weight (Amendment 750(A)).**

After the district court imposed the sentence, the U.S. Sentencing Commission adopted two amendments to the guidelines. The first amendment, Amendment 782, lowered the base offense levels corresponding to certain drug weights. The second amendment, Amendment 750(A), also lowered the marijuana equivalent for crack cocaine by repromulgating the Drug Quantity and Drug Equivalency Tables set forth in the Supplement to the 2010 Guidelines Manual. But the repromulgation of that table increased the marijuana equivalents for methamphetamine from what they had been when Mr. Womack had committed his crimes.

Mr. Womack downplays the effect on methamphetamine, arguing that the amendment was designed to reduce penalties for crack cocaine. That is true. Amend. 750, App'x C, vol. III, "Reason for Amendment" (Nov 1, 2011). Regardless of the Sentencing Commission's intent, however, the amendment clearly increased methamphetamine's equivalent in marijuana units from the 1995 Drug Equivalency Table. We are obligated to apply the clear text of Amendment 750(A) even if the U.S. Sentencing Commission had focused on the marijuana equivalent of

5

crack cocaine rather than methamphetamine. *See United States v. Dell*, 359 F.3d 1347, 1348 (10th Cir. 2004) (stating that we interpret the sentencing guidelines "'as if they were a statute'" and "follow[] their language where it is clear and unambiguous").

**4.** **In considering Mr. Womack's motion to reduce his sentence, the district court applied Amendment 782, but not Amendment 750.**

In seeking modification of the sentence, Mr. Womack urged the district court to apply Amendment 782 but not Amendment 750. This approach would have reduced the base offense level for the marijuana-equivalent weight of the drugs considered at the initial sentencing. The government responded that if Amendment 782 applied, so did Amendment 750(A). The government's approach would have (1) reduced the base offense level for particular drug weights but (2) increased the weight of the marijuana equivalent to 53,519.6547 kilograms. The district court adopted Mr. Womack's approach, holding that Amendment 782 applied and that Amendment 750(A) did not.

**5.** **We adopt the government's approach, concluding that both amendments applied when Mr. Womack moved for a sentence reduction.**

The government appeals, challenging the district court's decision not to apply Amendment 750(A). This decision directly affects the outcome: If the district court was right to consider Amendment 782 in

6

isolation, Mr. Womack would be eligible for a sentence reduction; if the district court should have applied both amendments, the guideline range would remain the same and Mr. Womack would be ineligible for a sentence reduction. As a result, we must determine whether both amendments should have been considered.

On this issue, we engage in de novo review rather than defer to the district court's approach. *United States v. Gay*, 771 F.3d 681, 685 (10th Cir. 2014). As a result, we consider anew the process for determining whether to reduce an offender's sentence in light of new guideline amendments. This process is spelled out in the guideline manual, § 1B1.10(b)(1), which requires the district court to determine the amended guideline range that would have applied if certain amendments had been in effect at the time of the sentencing. U.S.S.G. § 1B1.10(b)(1) (2014). Those amendments include both Amendment 750(A) and Amendment 782. *See* U.S.S.G. § 1B1.10(d) (2014) ("Amendments covered by this policy statement are listed in Appendix C," with the list including Amendments 750(A) and 782). Thus, a straightforward application of § 1B1.10(b)(1) requires the district court to consider both Amendment 782 and Amendment 750(A).

Mr. Womack does not dispute that § 1B1.10(b)(1) requires

application of both amendments (782 and 750(A)).[2] Instead, Mr. Womack

argues that our prior appeal settled the issue of drug weight and that

---

[2]    If we were to apply Amendment 782 but not Amendment 750(A),
some defendants would be assigned two base offense levels even though
the guidelines contemplate assignment of only a single base offense level
to each defendant. *See* U.S.S.G. § 2D1.1 applic. note 8(B) (2014) ("The
Drug Equivalency Tables . . . provide a means for combining different
controlled substances to obtain a single offense level."). For example,
suppose a defendant originally sentenced under the 1995 Guidelines is
accountable for 2.9 kilograms of actual methamphetamine, making his
base offense level 36 under those guidelines. Under Mr. Womack's
approach, we would determine the revised base offense level by applying
Amendment 782, which assigns a defendant with 2.9 kilograms of actual
methamphetamine a base offense level of 36. But Amendment 782 also
renumbers the drug quantity table and reassigns a base offense level of
34 to the category of defendants whose previous base offense level was
36. Thus, applying Amendment 782 alone would give our hypothetical
defendant two base offense levels: 34 and 36.

Application of Amendment 750(A) would eliminate this anomaly by
replacing the 1995 drug quantity table. Under this new table, 2.9
kilograms of actual methamphetamine creates a base offense level of 38.
Then, under Amendment 782, this base offense level is reduced two
levels, creating a single base offense level of 36.

In short, applying both of the amendments, 782 and 750(A), results
in a single base offense level (36). Applying Amendment 782 alone
results in two different base offense levels (34 and 36), which is not
supposed to take place under the guidelines.

Is this anomaly accidental or a sign of cleverness in the drafting of
Amendment 750(A)? It is hard to say. All we can safely say is that
confusion could easily arise in other cases if we were to apply
Amendment 782 without the related changes in Amendment 750(A).

application of Amendment 750(A) would violate the Ex Post Facto Clause of the U.S. Constitution. We reject both arguments.

In Mr. Womack's direct appeal, we stated that the relevant marijuana equivalent was roughly 26,000 kilograms. *United States v. Womack*, No. 99-6064, 202 F.3d 283, 2000 WL 4764, at *2 (10th Cir. Jan. 5, 2000) (unpublished table opinion). If we apply the new conversion table, called for in Amendment 750(A), the marijuana equivalent would roughly double. According to Mr. Womack, an increase in drug weight is impermissible because of our determination of the drug weight in the direct appeal. We disagree.

In Mr. Womack's direct appeal, we did not suggest that his crimes involved approximately 26,000 kilograms of marijuana; our reference to the drug weight was based on a calculation required under the 1995 guidelines. *See id.* ("If the 1995 guidelines had been applied, Mr. Womack would only have been responsible for approximately 26,000 kilograms of marihuana equivalency . . . .").

When Mr. Womack asked the district court to modify the sentence, the court had to recalculate the drug weight based on the law in existence at that time. *See United States v. Alvarez*, 142 F.3d 1243, 1247 (10th Cir. 1998) ("[W]e will depart from the law of the case doctrine . . . when controlling authority has subsequently made a contrary decision of the

9

law applicable to such issues."). By then, the U.S. Sentencing Commission had enacted Amendment 750(A) and had made that amendment retroactive. *See* U.S.S.G., App'x C, Vol. III, amend. 759 (Nov. 1, 2011) (making Amendment 750 retroactive). Thus, the district court had to apply Amendment 750(A); nothing in our prior opinion would suggest otherwise, for the law had changed between the direct appeal and Mr. Womack's filing of a motion to modify the sentence. In these circumstances, the law-of-the-case doctrine does not prevent us from applying Amendment 750(A) to Mr. Womack's motion for a sentence reduction. *See United States v. Green*, 764 F.3d 1352, 1357 (11th Cir. 2014) (stating that a prior appellate opinion, which noted that the base offense level was 36, had not made a factual finding binding the district court under the law-of-the-case doctrine), *cert. denied*, ___ U.S. ___, 135 S. Ct. 2819 (2015).

Nor does application of Amendment 750(A) result in violation of the Ex Post Facto Clause. This clause prohibits application of laws that "inflict a greater punishment for the crime than was in . . . place at the time the crime was committed." *United States v. Vernon*, 814 F.3d 1091, 1103 (10th Cir. 2016), *petition for cert. filed*, __ U.S.L.W. __ (U.S. May 9, 2016) (No. 15-1368). But the Ex Post Facto Clause is not violated by a guideline amendment that merely "narrows district courts' discretion to

10

*decrease* a defendant's sentence" and does not disadvantage the defendant by increasing the punishment for his crime. *United States v. Kurtz*, 819 F.3d 1230, 1236 (10th Cir. 2016) (emphasis in original).[3]

That is the case here. Application of Amendment 750(A) does not increase the punishment that Mr. Womack must suffer for his crimes. Instead, applying the amendment simply narrows the district court's discretion to decrease Mr. Womack's sentence under Amendment 782. *See* U.S.S.G. § 1B1.10(a)(1) (2014) (allowing a district court to decrease a defendant's sentence based on an amendment affecting the applicable guideline range). When both amendments are applied, Mr. Womack's guideline range has not increased; as a result, there is no ex post facto violation.

**6.      The district court should have dismissed the motion.**

If the district court had applied Amendment 750(A), as required, Mr. Womack would have been ineligible for a reduction in his sentence. As a result, Mr. Womack's motion should have been dismissed for lack of jurisdiction. *See United States v. Graham*, 704 F.3d 1275, 1279 (10th Cir. 2013) (stating that a defendant's motion should be dismissed on

---

[3]      We issued *Kurtz* during the pendency of this appeal. Thus, the district court had no opportunity to consider the effect of *Kurtz* on the ex post facto issue.

jurisdictional grounds when the district court lacks power to modify the sentence). Accordingly, we vacate the district court's order and remand with instructions to dismiss Mr. Womack's motion based on a lack of jurisdiction.