**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 27, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JASON McKINNEY,

    Defendant - Appellant.

No. 16-3252
(D.C. No. 2:06-CR-20078-JWL-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **MATHESON**, and **McHUGH**, Circuit Judges.
_____

Jason McKinney, a federal prisoner proceeding pro se, appeals the district court's

order dismissing his request to reduce his sentence under Amendment 782. We affirm.

Mr. McKinney entered guilty pleas to one count of possession with intent to

distribute 50 grams or more of cocaine base and one firearms count. Under the United

States Sentencing Guidelines, his sentencing range was 360 months to life. He was

sentenced to 360 months' imprisonment on the drug conviction and 60 months on the

firearms conviction, with the sentences to run concurrently.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Relying on Amendment 782, which "lowered the base offense levels for certain drug weights," *United States v. Womack*, 833 F.3d 1237, 1238 (10th Cir. 2016), *cert. denied*, No. 16-7433, 2017 WL 68377 (Feb. 21, 2107), Mr. McKinney filed a motion under 18 U.S.C. § 3582(c)(2) to reduce his sentence. The district court dismissed the motion because Amendment 782 did not alter Mr. McKinney's guidelines sentencing range of 360 months to life in prison. The district court also dismissed Mr. McKinney's motion to reconsider.

The government has moved to dismiss Mr. McKinney's appeal as untimely, claiming the notice of appeal was not filed within 14 days of the order denying relief, as directed by Fed. R. App. P. 4(b)(1)(A). But the notice of appeal designated the district court's order dismissing Mr. McKinney's motion to reconsider as the order appealed from, which the government does not claim was untimely. Therefore, the motion to dismiss the appeal is denied.

"The scope of a district court's authority in a resentencing proceeding under § 3582(c)(2) is a question of law that we review de novo." *United States v. Rhodes*, 549 F.3d 833, 837 (10th Cir. 2008). Because Mr. McKinney proceeds pro se, we liberally construe his filings. *Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009). We do not, however, act as his advocate. *Id.*

Mr. McKinney does not dispute the district court's determination that Amendment 782 did not change his guidelines range. Rather, he argues that the drug quantity attributed to him during his original sentencing proceedings was incorrect and that the

district court improperly credited other factors used to increase his original guidelines sentencing range.

Generally, a judgment of conviction that includes a sentence of imprisonment is a final judgment not subject to modification. *Dillon v. United States*, 560 U.S. 817, 824 (2010). "Section 3582(c)(2) establishes an exception to the general rule of finality in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . and made retroactive. . . ." *Id.* (citations and internal quotation marks omitted). Amendment 782 did not change Mr. McKinney's guidelines sentencing range, so the district court correctly dismissed the motion for lack of jurisdiction. *See United States v. White*, 765 F.3d 1240, 1246, 1250 (10th Cir. 2014) (stating "dismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition of [a] § 3582(c)(2) motion" based on a guidelines amendment that did not result in a change in the prisoner's guidelines range). Mr. McKinney was also not entitled to relitigate other factors contributing to his guidelines sentencing range. "[Section] 3582(c)(2) does not authorize a resentencing." *Dillon*, 560 U.S. at 831.

The government's motion to dismiss the appeal is denied. Mr. McKinney's motion to proceed in forma pauperis is granted. We affirm the district court's dismissal for lack of jurisdiction.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge