**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 25, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MATTHEW MOWERY,

    Defendant - Appellant.

No. 16-2247
(D.C. No. 1:08-CR-02436-JAP-1)
(D.N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Defendant Matthew Mowery appeals the district court's dismissal of his motion for resentencing under 18 U.S.C. § 3582(c)(2). Because we conclude the district court had authority to resentence Mowery, we reverse.

In 2009, Mowery pleaded guilty to possession of methamphetamine with intent to distribute. The Presentence Investigation Report (PSR) calculated a Guidelines

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument wouldn't materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment isn't binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

range of 168 to 210 months in prison. The district court adopted the PSR's findings and imposed a 168-month sentence.

In 2015, Mowery filed a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines. Mowery asserted that Amendment 782, when applied retroactively to his sentence, would reduce his offense level and result in a lower Guidelines range. The government opposed the motion, and the district court dismissed the motion on the basis that "Amendment 782 has not resulted in a lower sentencing range than what this Court imposed previously." R. vol. 1, 42; *see* § 3582(c)(2) (authorizing resentencing only when the original sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission").

Mowery filed a motion to reconsider the district court's dismissal. This time, the government conceded that the district court was authorized under § 3582(c)(2) to resentence Mowery. Nevertheless, the district court again concluded that it lacked authority to resentence Mowery, and it denied his motion to reconsider.

Mowery appeals.[1] The government concedes, as it did below, that Mowery is eligible for resentencing. Exercising de novo review, *see United States v. Rhodes*,

---

[1] Although Mowery's notice of appeal designates only the district court's denial of his motion for reconsideration, we may review the district court's initial dismissal of Mowery's motion for resentencing. *See Bowdry v. United Airlines, Inc.*, 58 F.3d 1483, 1489 n.11 (10th Cir. 1995) (holding that notice of appeal explicitly designating denial of motion to reconsider was nevertheless sufficient to designate original order); *United States v. McKinney*, No. 16-3252, 2017 WL 1130169, at *1-2 (10th Cir. Mar. 27, 2017) (unpublished) (reviewing underlying motion for

549 F.3d 833, 837 (10th Cir. 2008), we reverse. The district court was authorized to resentence Mowery because Amendment 782 lowered the applicable Guidelines range.

We begin by explaining Mowery's original sentence. Based on the amount of actual methamphetamine attributed to Mowery, his base offense level was 34. He received a three-level reduction for accepting responsibility. And because he committed the underlying offense while on supervised release for a 2005 drug conviction, he received a three-level enhancement pursuant to U.S.S.G. § 3C1.3 and 18 U.S.C. § 3147(1). Accordingly, his total offense level was 34, which, when combined with his category II criminal history, yielded a range of 168 to 210 months.

The district court sentenced Mowery to 168 months in prison. But the district court divided the sentence into two consecutive terms—the court attributed 121 months to the underlying drug offense and 47 months to the § 3147(1) enhancement. This division was mandated by § 3147(1) itself, which provides that "[a] term of imprisonment imposed under this section shall be consecutive to any other sentence of imprisonment." In explaining that requirement, the Guidelines state that "the court, in order to comply with the statute, should divide the sentence on the judgment form between the sentence attributable to the underlying offense and the sentence attributable to the enhancement." U.S.S.G. § 3C1.3 cmt. n.1. But despite that

resentencing even though "the notice of appeal designated the district court's order dismissing [defendant's] motion to reconsider as the order appealed from").

division, Mowery's sentence remained a "total punishment" that fell within the applicable Guidelines range for the drug offense. *Id.*

That Guidelines range—168 to 210 months—was subsequently lowered by Amendment 782. Under the 2008 Guidelines, the drug quantity attributable to Mowery resulted in a base offense level of 34. Amendment 782 lowered the base offense level to 32, and Amendment 788 made that reduction retroactive. When calculating an amended Guidelines range under § 3582(c)(2), "the court shall . . . leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). Here, after lowering Mowery's new base offense level by three for accepting responsibility and raising it by three for the § 3147(1) enhancement—just as the first sentencing court did—Mowery's amended total offense level is 32. That corresponds to a Guidelines range of 135 to 168 months. Because that range is lower than Mowery's original range of 168 to 210 months, he is eligible for resentencing under § 3582(c)(2). *See Dillon v. United States*, 560 U.S. 817, 819 (2010).[2]

In dismissing Mowery's motion, the district court relied on our decision in *United States v. Kurtz*, 819 F.3d 1230 (10th Cir. 2016). There, we noted that a court can't "reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range." *Id.* at 1234 (alteration in original) (quoting U.S.S.G. § 1B1.10(b)(2)(A)). The original sentencing court in *Kurtz*

[2] Of course, Mowery's mere eligibility for resentencing doesn't require the district court to lower his sentence. *See Dillon*, 560 U.S. at 827 (explaining that "§ 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction . . . is warranted").

4

sentenced the defendant to 78 months in prison based on a Guidelines range of 151 to 188 months. *Id.* at 1235 & n.1. When Amendment 782 subsequently lowered the defendant's Guidelines range to 121 to 151 months, the district court therefore lacked authorization to reduce the defendant's sentence (because 78 months is less than 121 months). *Id.* at 1235.

Here, the district court noted that the portion of Mowery's original sentence attributed to the drug offense was 121 months. Relying on *Kurtz*, the district court concluded that because 121 months is lower than the low end of Mowery's amended Guidelines range of 135 to 168 months, Mowery is ineligible for a reduced sentence.

The district court erred in bifurcating Mowery's sentence and considering only the 121 months attributed to the underlying drug offense. Although the original sentencing court was required to delineate the portions of the sentence attributed to the drug offense and the § 3147(1) enhancement, Mowery's "total punishment" was 168 months. *See* U.S.S.G. § 3C1.3 cmt. n.1. The Guidelines offer the following illustration: "For example, if the applicable adjusted guideline range is 30-37 months and the court determines a 'total punishment' of 36 months is appropriate, a sentence of 30 months for the underlying offense plus 6 months under 18 U.S.C. [§] 3147 would satisfy this requirement." *Id.*

The original sentencing court determined that Mowery's total sentence was 168 months. And it constructed a divided sentence that satisfied § 3147(1) and U.S.S.G. § 3C1.3 cmt. n.1. But as the government notes, § 3147(1) doesn't set forth "a separate offense of conviction." *United States v. Browning*, 61 F.3d 752, 756 (10th

5

Cir. 1995). Rather, it is "strictly a sentencing enhancement provision." *Id.* Accordingly, a § 3147(1) enhancement operates in the same way "as in any other case in which a [Guidelines] adjustment applies." U.S.S.G. § 3C1.3 cmt. n.1. It differs from ordinary adjustments only in that the sentencing court is required to attribute to it a specific number of months. *Id.*; *see* § 3147(1). But that attribution doesn't change the fact that the court renders a "total punishment" that must fall within "the guideline range for the offense committed." U.S.S.G. § 3C1.3 cmt. n.1.

Thus, when determining whether a defendant's original sentence falls below an amended Guidelines range, the correct point of comparison is the defendant's *total* original sentence—even when that sentence includes a § 3147(1) enhancement. And because Mowery's 168-month sentence is higher than the low end of his amended Guidelines range—135 to 168 months—Mowery is eligible for resentencing.

Accordingly, we reverse the district court's order dismissing Mowery's motion for resentencing and remand for further proceedings.[3]

Entered for the Court

Nancy L. Moritz
Circuit Judge

---

[3] In his opening brief, Mowery requests a certificate of appealability (COA). But because this appeal doesn't concern a habeas corpus proceeding, no COA is required. *Cf.* 28 U.S.C. § 2253(c)(1). We therefore deny Mowery's request for a COA as moot.