FILED
United States Court of Appeals
Tenth Circuit

February 22, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

LOY CHRIS STEVENS,

    Defendant - Appellant.

No. 17-6153
(D.C. No. 5:99-CR-00042-HE-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **O'BRIEN**, and **MORITZ**, Circuit Judges.
_____

    Proceeding pro se,[1] Loy Stevens seeks a sentence reduction under 18 U.S.C.

§ 3582(c)(2). We conclude that Stevens is collaterally estopped from arguing that

Amendment 782 to the United States Sentencing Guidelines (the Guidelines) entitles

him to a reduction. And to the extent he argues that his sentence is illegal,

§ 3582(c)(2) is the wrong mechanism for relief. But we nevertheless vacate the

district court's order because insofar as § 3582(c)(2) doesn't empower the district

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument wouldn't materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment isn't binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[1] We liberally construe pro se pleadings, but we won't act as Stevens' advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

court to reduce Stevens' sentence, it didn't have jurisdiction to consider his motion. *See United States v. Womack*, 833 F.3d 1237, 1242 (10th Cir. 2016).

Almost two decades ago, a jury convicted Stevens of fourteen charges—most of them gun- and drug-related. The district court sentenced Stevens to seven consecutive 240-month prison sentences, five consecutive 120-month prison sentences, and two consecutive 60-month prison sentences, which adds up to exactly 200 years. Since then, Stevens has repeatedly and unsuccessfully sought to reduce his sentence. *See United States v. Stevens*, No. 16-6209, slip op. at 2 (10th Cir. July 21, 2016) (unpublished); *United States v. Stevens*, No. 15-6039, slip op. at 2 (10th Cir. March 25, 2015) (unpublished); *United States v. Stevens*, No. 14-6124, slip op. at 2 (10th Cir. June 20, 2014) (unpublished); *United States v. Stevens*, 168 F. App'x 264, 271–72 (10th Cir. 2006) (unpublished).

In 2015, Stevens filed a pro se motion for a sentence reduction under § 3582(c)(2), arguing that (1) Amendment 782 to the Guidelines reduced his offense level by two points, s*ee* § 3582(c)(2) (allowing courts to resentence defendants who were "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission"); and (2) his sentence is unlawful under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The district court appointed counsel to pursue Stevens' motion. Stevens conceded through his counsel's supplemental motion that Amendment 782 didn't actually affect his Guidelines range. But he nevertheless asked the district court to revisit his sentence in light of "the Sentencing Commission's rationale for lowering the offense levels as

2

it did in Amendment 782." Supplement to Defendant's "Motion for Sentence Reduction Pursuant to Sentencing Guideline Amendment, Under U.S.C. § 3582(c)(2)" at 4, *United States v. Stevens*, No. CR-99-42-HE (W.D. Okla. May 11, 2015), ECF No. 731. The supplemental motion didn't address *Apprendi*. The district court denied Stevens' motion in a form order without explanation. Stevens didn't appeal.

Stevens, again acting pro se, then filed another § 3582(c)(2) motion in 2017. He again argued that Amendment 782 and *Apprendi* entitle him to a sentence reduction. He also argued that his sentence is illegal under a slew of other Supreme Court decisions. The district court again denied Stevens' motion. This time, it explained in a short order that "[it] denied an earlier motion by [Stevens] for sentence reduction based on Amendment 782" and "[n]othing ha[d] changed." R. vol. 1, 90 (internal citation omitted). Stevens appeals.

When a court issues a final adjudication on an issue against a party on the merits after the party had a full and fair opportunity to litigate, the doctrine of issue preclusion prevents that party from later seeking a contrary resolution of the same issue. *See Dodge v. Cotter Corp.*, 203 F.3d 1190, 1198 (10th Cir. 2000); *cf. Bravo-Fernandez v. United States*, 137 S. Ct. 352, 358 (2016) (noting issue preclusion applies in criminal prosecutions as well as in civil litigation). Here, the district court explained that it had already decided that Amendment 782 doesn't entitle Stevens to a sentence reduction. Stevens makes no attempt on appeal to explain why issue preclusion doesn't apply or why the district court otherwise should have revisited its

prior order.[2] The district court's conclusion that Amendment 782 doesn't entitle Stevens to a sentence reduction therefore binds us here. *See Nixon v. City and Cty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015) (affirming because appellant failed to address the district court's reasoning).

The district court didn't address Stevens' arguments that his sentence is illegal under *Apprendi* and other Supreme Court precedent. And rightly so; "[c]ourts may grant a sentence reduction under § 3582(c)(2) only where the Sentencing Commission has lowered a prisoner's applicable guideline range." *United States v. Gay*, 771 F.3d 681, 686 (10th Cir. 2014). Stevens' challenge to the legality of his sentence thus "amounts to a collateral attack on his sentence, seeking relief beyond that allowed in a § 3582(c)(2) proceeding." *Id.* (holding that challenge to sentence under *United States v. Booker*, 543 U.S. 220 (2005), wasn't cognizable in § 3582(c)(2) motion); *see also United States v. Price*, 438 F.3d 1005, 1007 (10th Cir. 2006) (explaining that courts may only reduce a defendant's sentence when Congress has expressly authorized doing so and that "§ 3582(c)(2) only *expressly* allows a reduction where the Sentencing Commission, not the Supreme Court, has lowered the range").

The government agrees that Stevens isn't entitled to relief but asserts that the district court didn't have jurisdiction to hear Steven's motion at all. We agree. As we

---

[2] The doctrine of issue preclusion—rather than the law-of-the-case doctrine—governs because Stevens didn't appeal the prior order. *See Scrivner v. Mashburn (In re Scrivner)*, 535 F.3d 1258, 1266 (10th Cir. 2008) (explaining that when party fails to appeal lower-court order, issue preclusion, not law of the case, governs subsequent appellate review).

have previously explained, when the district court lacks the power to reduce a defendant's sentence, the defendant's § 3582(c)(2) motion should be dismissed on jurisdictional grounds. *See Womack*, 833 F.3d at 1242. Therefore, because we conclude that Stevens isn't entitled to a sentence reduction, we vacate the district court's judgment and remand with instructions to dismiss Stevens' motion.

As a final matter, we deny Stevens' motion to proceed in forma pauperis (IFP) on appeal because he has failed to present a nonfrivolous basis for challenging the district court's ruling. *See* 28 U.S.C. § 1915(a)(3) (allowing appeals to be taken IFP only if taken in good faith); *United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir. 2005) (explaining that appellant may appeal IFP only if "there exists 'a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal'" (quoting *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir.1997))).

Entered for the Court


Nancy L. Moritz
Circuit Judge
